PAUL M. GLEASON (SBN: 155569)
TOREY JOSEPH FAVAROTE (SBN: 198521)
JING TONG (SBN: 285061)
GLEASON & FAVAROTE, LLP
4014 LONG BEACH BLVD., STE. 300
LONG BEACH, CA 90807
(213) 452-0510 Telephone
(213) 452-0514 Facsimile
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Defendant
CoreCivic, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GLOVER,<br><br>Plaintiff,<br><br>vs.<br><br>CORECIVIC, INC. a Maryland Corporation, FRED FIGUEROA, an individual, and DOES 1 through 25, Inclusive,<br><br>Defendants. | Case No. **'19CV888 WQHBGS**<br><br>State Court Case No. 37-2019-00012457-CU-WT-CTL<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION OF DEFENDANT CORECIVIC, INC.** |

///
///
///
///
///

TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, PLAINTIFF AND HIS ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that defendant CORECIVIC, INC. ("Defendant") hereby removes the state court action described herein from the Superior Court of the State of California, County of San Diego, to the United States District Court for the Southern District of California, pursuant to 28 U.S.C. sections 1332, 1441 and 1446.

This Notice of Removal is based upon the original jurisdiction of the federal district court over the parties based on the existence of diversity under 28 U.S.C. sections 1332, 1441 and 1446. Defendant makes the following averments in support of its Notice of Removal:

## JURISDICTION

1. This action is one over which this court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. section 1441.

2. On March 7, 2019, Dennis Glover ("Plaintiff") filed a complaint entitled Dennis Glover v. CoreCivic, Inc, a Maryland Corporation; Fred Figueroa, an individual,; and Does 1 through 25, Inclusive, Case No. 37-2019-00012457-CU-WT-CTL, in the Superior Court for the state of California, County of San Diego, wherein Plaintiff alleges the following causes of action: (1) disability discrimination [Cal. Gov't Code Section 12940(a)]; (2) failure to accommodation [Cal. Gov't Code Section 12940(m)]; (3) failure to engage in the interactive process [Cal. Gov't Code Section 12940(n)]; (4) failure to correct and remedy discrimination and harassment; (5) retaliation [Cal. Gov't Code Section 12940(m)(2)]; (6) wrongful termination [Cal. Gov't Code Section 12940(h)]; (7) failure to provide uninterrupted meal and rest periods [Cal. Labor Code Section 226.7, 512]; (8) failure to pay final wages [Cal. Labor Code Section 201-203]; (10) violation of Business and Professions Code Section 17200; and (11) intentional infliction of emotional distress.

3. Defendant CoreCivic, Inc. was served with the Complaint on April 10, 2019.

4. True and correct copies of the Service of Process Transmittal, Summons, Complaint, Notice of Case Assignment and Case Management Conference, Notice of Eligibility to eFile and Assignment to Imaging Department, Information about Alternative Dispute Resolution, and Civil Cover Sheet, which documents comprise all process, pleadings, and orders served on Defendants in this matter, are attached as **Exhibit A** to the declaration of Paul Gleason, filed concurrently herewith (hereinafter "Gleason Dec.").

5. On May 10, 2019, Defendant filed an answer to Plaintiff's complaint, a true and correct copy of which is attached as **Exhibit B** to the Gleason Dec.

6. To Defendant's knowledge, no other papers or processes have been filed or received in this matter.

## DIVERSITY JURISDICTION

7. This action is one over which this Court has original jurisdiction under 28 U.S.C. section 1332 and is one which may be removed by Defendant pursuant to 28 U.S.C. section 1441. This is a civil action where the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between citizens of different states.

8. Venue is proper in this court because this is the district court of the United States for the district and division embracing the place where the state action is pending. 28 U.S.C. § 1441(a).

9. Plaintiff's Citizenship: As alleged in the complaint, "Plaintiff, Dennis Glover (hereinafter "Plaintiff Glover"), is a male individual who at all relevant times to this action resided in the County of San Diego, State of California." (Gleason Dec., Ex. A [Complaint, ¶ 2].) For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Residence is prima facie evidence of domicile. State

1  Farm Mutual Auto Ins. Co. v. Dyer, 19 F.3d 514, 520 (10th Cir. 1994). Accordingly, Plaintiff is a citizen of the State of California.

10. **Defendant's Citizenship**: Defendant CoreCivic, Inc. was at the time of the filing of this action, and still is, a corporation incorporated under the laws of the State of Maryland, with its principal place of business in the State of Tennessee. (Declaration of Kelly Atwood, filed concurrently herewith (hereinafter "Atwood Dec."), ¶ 2). Pursuant to 28 U.S.C. section 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business." Accordingly, Defendant CoreCivic, Inc. is not a citizen of the State of California. The citizenship of fictitiously-named "Doe" defendants is to be disregarded for the purposes of removal. 28 U.S.C. § 1441(a).

11. As of the date of this Notice of Removal, Defendant Fred Figueroa has not been served with the Complaint. (Declaration of Fred Figueroa, filed concurrently herewith (hereinafter "Figueroa Dec."), ¶ 2). An unserved defendant is ignored when determining whether an action is removeable on the basis of diversity jurisdiction. 28 U.S.C. Section 1441(b)(2) ("A civil action otherwise removeable solely on the basis of the jurisdiction under section 1332(a) of this title may not be removed if any of the parties in interest properly joined and *served* as defendants is a citizen of the State in which such action is brought.") (emphasis added); Cucci v. Edwards, 510 F.Supp.2d 479, 482 (C.D. Cal. 2007) ("'a resident defendant who has not been served may be ignored in determining removability.'"); quoting 14A Charles A. Wright, Arthur R. Miller and Edward H. Cooper, Federal Practice and Procedure, Section 3723 (2d ed. 1985).[1]

---

[1] Although not relevant to this removal because he has not been served, Figueroa is a citizen of the state of Arizona. (Declaration of Fred Figueroa, ¶ 3). Accordingly, because Figueroa is not a citizen of the state of California, his presence in this action would not destroy diversity even if he had been served with the complaint as of the time of the filing of this Notice of Removal.

12. To Defendants' knowledge, no further process, pleadings, or orders related to this case have been filed in San Diego Superior Court or served by any party other than as described above. (Gleason Dec., ¶ 4).

13. There is complete diversity of citizenship between Plaintiff and Defendant.

14. For the above reasons, this action is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. Section 1332, and which may be removed to this Court by Defendant pursuant to 28 U.S.C. Section 1441 based on diversity jurisdiction.

## AMOUNT IN CONTROVERSY

15. This is a case in which the amount in controversy exceeds $75,000, exclusive of interest and costs. Where (as here) the complaint does not allege a damage amount as to each claim, removal is proper if, from the allegations of the Complaint and the Notice of Removal, it is more likely than not that the claims exceed $75,000. Sanchez v. Monumental Life Ins. Co., 95 F.3d 856, 860 (9th Cir. 1996); Lucett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999). In determining whether the jurisdictional minimum is met, the Court considers all recoverable damages, including emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. Hunt v. Washington State Apple Advertising Comm'n, 432 U.S. 333, 347-48 (1977); Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1155-56 (9th Cir. 1998); Anthony v. Security Pac. Fin'l Services, Inc., 75 F.3d 311, 315 (7th Cir. 1996).

16. Plaintiff's Complaint seeks economic and noneconomic damages, punitive damages, costs and attorneys' fees. (Gleason Dec., Ex. A [Complaint, ¶¶ 25, 33, 41, 46, 51, 56, and Prayer, page 17, line 1].) Plaintiff also seeks payment and/or penalties for alleged interrupted rest breaks and meal periods (Gleason Dec., Ex. A [Complaint, ¶¶ 59-64]), alleged failure to pay final wages (Gleason Dec., Ex.

A [Complaint, ¶¶ 65-68]), alleged failure to provide itemized and accurate wage statements (Gleason Dec., Ex. A [Complaint, ¶¶ 69-73]).

17. Plaintiff was terminated from his employment with Defendant on June 29, 2018. (Atwood Dec., ¶ 4. Ex. A). Plaintiff's final rate of pay as an employee of Defendant was $31.17/hour and his 2018 earnings through the termination date $31,720.59. (Atwood Dec., ¶ 5, Ex. B). Based on Plaintiff's earnings at CoreCivic in 2018, Plaintiff's past economic damages (excluding mitigation earnings, if any) are approximately $54,901. (Gleason Dec., ¶ 5). If the case proceeds to trial, assuming trial commences one year from date of filing of the notice of removal, the economic damages alone (excluding mitigation earnings, if any) will amount to approximately $118,342, which exceed the jurisdictional threshold. (Gleason Dec., ¶ 5).

18. Plaintiff also seeks emotional distress damages, which should also be considered by the Court in the amount of controversy analysis. (Gleason Dec., Ex. A [Complaint, ¶¶ 25, 33, 41, 46, 51, 56, and Prayer, page 17, line 1].) In cases such as the instant action, the amount in controversy may be satisfied by the pleading of several different types of damages in the complaint, even though the exact dollar amount of such damages is not estimated by the removing party. See Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1031-35 (N.D. Cal. 2002) (finding that the plaintiffs alleged lost income of $25,600 at the time of removal included with unspecified amounts for medical expense damages, emotional distress damages, punitive damages and attorneys' fees anticipated to incur through trial, satisfy the amount in controversy required to establish diversity jurisdiction); White v. FCI USA, Inc., 319 F. 3d 672, 674 (5th Cir. 2003) (a wrongful termination claim including a "lengthy list of compensatory and punitive damages" including loss of pay, impaired earning capacity, emotional distress, etc. combined with a claim for attorney fees and punitive damages, was sufficient to exceed the $75,000 minimum amount in controversy required to establish diversity jurisdiction).

19. Punitive damages are also included in calculating the amount in controversy if they are recoverable under state law. Davenport v. Mutual Ben. Health & Acc. Ass'n, 325 F.2d 785, 787 (9th Cir. 1963); see also Richmond v. Allstate Ins. Co., 897 F. Supp. 447, 450 (S.D. Cal. 2003). In his Complaint, Plaintiff alleges that Defendant's alleged acts were "committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff" and that "Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendant[]." (Gleason Dec., Ex. A [Complaint, ¶¶ 26, 34, 42, 47, 57, and 86]). If Plaintiff succeeds in establishing these allegations, he would be entitled to punitive damages under California Civil Code section 3294. California law does not provide specific monetary limitations on the amount of punitive damages that may be awarded under said statute. Rather, the proper amount of punitive damages is determined based on the reprehensibility of the defendant's misdeeds – the ratio between compensatory and punitive damages, and the ratio between damages and defendant's net worth. Boyle v. Lorimar Productions, Inc., 13 F.3d 1357, 1359-60 (9th Cir. 1994). Indeed, some courts have recognized that an award for punitive damages can be significant, and that in some cases, a punitive award itself could establish the amount in controversy. See, e.g., Aucino v. Amoco Oil Co., 871 F. Supp. 332, 334 (S.D. Iowa 1994) (concluding in a discrimination and wrongful termination case that the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct, and thus, the plaintiff's claim for punitive damages could alone exceed the jurisdictional minimum).

20. Although Defendant vigorously denies all of Plaintiff's allegations and contends that he is not entitled to recover any compensation whatsoever, if Plaintiff were to prevail on one of his claims and establish the necessary state of

mind and other prerequisites to impose punitive damages on Defendants, an award of punitive damages alone could exceed the jurisdictional minimum.

21.  Plaintiff also seeks attorneys' fees. (Gleason Dec., Ex. A [Complaint, ¶¶ 27, 35, 43, 53, 58, 68, and Prayer, page 17, line 6].) These potential fees constitute additional grounds for finding that the instant action presents an amount in controversy in excess of $75,000. The Ninth Circuit has held that attorneys' fees may be included in the amount in controversy if recoverable by statute or contract. Galt G/S v. JSS Scandinavia, 142 F.3d 1150, 1156 (9th Cir. 1998). The court in the case of Simmons v. PCT Technology, 209 F. Supp. 2d 1029, 1034-35 (N.D. Cal. 2002) stated that "[attorneys' fees] necessarily accrue until the action is resolved," and thus, the Ninth Circuit [in Galt] must have anticipated that district courts would project fees beyond removal." As such, the Simmons court held that the "measure of [attorneys'] fees should be the amount that can reasonably be anticipated at the time of removal, not merely those already incurred." In fact the court in Simmons noted that in its experience, "attorneys' fees for individual discrimination cases often exceed the damages."

22.  Even a conservative estimation of attorneys' fees in an employment case claiming statutory fees would support an amount in controversy that exceeds the jurisdictional minimum. See, e.g., Lefkir v. Rancho Los Amigos/County of Los Angeles, BC 412351 (2010) (court awards plaintiff's attorney's fees in the amount of $171,918). Thus, Plaintiff's attorneys' fees (a figure which will necessarily accrue until the action is resolved), also establishes that the instant action presents an amount in controversy in excess of $75,000.

23.  In short, the combination of Plaintiff's claims for economic damages, emotional distress damages, punitive damages and attorneys' fees make it clear that the instant action presents an amount in controversy in excess of $75,000. Although Defendant denies that Plaintiff is entitled to recover any damages in this matter, based on a conservative good-faith estimate of the value of the claims alleged

in this action, if Plaintiff prevails on each of his causes of action the amount in controversy requirement is satisfied.

## THE NOTICE OF REMOVAL IS TIMELY

24. As required by 28 U.S.C. section 1446(d), this Notice is filed within 30 days after Defendant was first served with a copy of the Summons and Complaint.

25. As required by 28 U.S.C. section 1446(d), Defendant will give notice of this removal to Plaintiff through his attorneys of record.

26. As required by 28 U.S.C. section 1446(d), a copy of this Notice will be filed with the Superior Court of the State of California in and for the County of San Diego.

WHEREFORE, having provided notice as required by law, the above-titled action should be removed from the Superior Court for the County of San Diego to this Court.

Dated: May 10, 2019

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON

By: /s/ Paul M. Gleason
       Paul M. Gleason

Attorneys for Defendant CoreCivic, Inc.

## PROOF OF SERVICE

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Boulevard, Suite 300, Long Beach, CA 90807.

On May 10, 2019, I served a copy(ies) of the following document(s):

**NOTICE OF REMOVAL OF CIVIL ACTION OF DEFENDANT CORECIVIC, INC.**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| GEOFFREY C. LYON<br>LYON LAW PC<br>10960 Wilshire Blvd., Ste. 820<br>Los Angeles, CA 90024-3732<br>Tel: (310) 818-7700; Fax: (424) 832-7405<br>glyon@lyonlawyer.com | Attorneys for Plaintiff, ROBIN CLARK | First Class Mail |

☒ [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ (BY CM/ECF SYSTEM) I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on May 10, 2019, at Long Beach, California

_____
Thomas Steinhart