1   PAUL M. GLEASON (SBN: 155569)
    TOREY JOSEPH FAVAROTE (SBN: 198521)
2   JING TONG (SBN: 285061)
    GLEASON & FAVAROTE, LLP
3   4014 LONG BEACH BLVD., STE. 300
    LONG BEACH, CA 90807
4   (213) 452-0510 Telephone
    (213) 452-0514 Facsimile
5   pgleason@gleasonfavarote.com
    tfavarote@gleasonfavarote.com
6   jtong@gleasonfavarote.com

7   Attorneys for Defendant CoreCivic, Inc.

8

9

10                  **UNITED STATES DISTRICT COURT**

11                 **SOUTHERN DISTRICT OF CALIFORNIA**

12

13

14   DENNIS GLOVER,                         ) Case No.    **'19CV888  WQHBGS**
                                            )
15                      Plaintiffs,         ) **DECLARATION OF PAUL**
                                            ) **GLEASON**
16           v.                             )
                                            )
17   CORECIVIC, INC.; a Maryland            )
     Corporation; FRED FIGUEROA, an         )
18   individual, and DOES 1 to 25, Inclusive, )
                                            )
19                      Defendants.         )
                                            )
20                                          )
                                            )
21                                          ) State Action Filed:  March 7, 2019
                                            ) Trial Date:          None
22   _____ )

23   / / /

24   / / /

25   / / /

26   / / /

27   / / /

28   / / /

_____
                    **DECLARATION OF PAUL GLEASON**

## DECLARATION OF PAUL GLEASON

I, Paul Gleason, hereby state and declare as follows:

1.      I am an attorney licensed to practice law in the state of California and am a partner in the law firm of Gleason & Favarote, LLP, attorneys for Defendant CoreCivic, Inc., in the above-captioned matter.  I have direct and personal knowledge of the facts set forth herein and, if called upon to do so, I could and would competently testify to the same.

2.      On or about March 7, 2019, plaintiff Dennis Glover ("Plaintiff") filed an original complaint in the Superior Court of the State of California in the County of San Diego – Southern District, North County Regional Center, entitled DENNIS GLOVER vs. CORECIVIC, INC..; FRED FIGUEROA, AN INDIVIDUAL and DOES 1 to 25, Case Number 37-2019-00012457-CU-WT-CTL.  True and correct copies of the Service of Process Transmittal, Summons, Complaint, Notice of Case Assignment and Case Management Conference, Notice of Eligibility to eFile and Assignment to Imaging Department, Information about Alternative Dispute Resolution, and Civil Cover Sheet, which documents comprise all process, pleadings, and orders served on Defendants in this matter, are attached hereto as **Exhibit A**

3.      On May 10, 2019, Defendant CoreCivic, Inc. filed an answer to Plaintiff's complaint in San Diego Superior Court-Central Division.  A true and correct copy of the answer is attached hereto as **Exhibit B.**

4.      To my knowledge, no other papers or processes have been filed or received in this matter by Defendant.

5.      As set forth in the declaration of Kelly Atwood, Plaintiff Dennis Glover's earnings through the end of June 2018 were 31,720.59.  Annualized over 12 months, this amount would be $63,441.18, which equals $1,220.02/week.  As of the date of filing of Defendant's Notice of Removal, 45 weeks have elapsed since the termination of Plaintiff's employment with CoreCivic of Tennessee, LLC.  At

1   Plaintiff's weekly rate of $1,220.02, assuming Plaintiff was entitled to recover
2   economic damages, which Defendant denies, Plaintiff's past economic loss as of the
3   date of removal (excluding mitigation earnings, if any), is $54,901.  If the case
4   proceeds to trial one year from the date of filing the Notice of Removal, assuming
5   Plaintiff was entitled to recover economic damages, which Defendant denies,
6   Plaintiff's economic loss at the time of trial (excluding mitigation earnings, if any),
7   would be $118,342 ($54,901 + $63,441).

8        I testify under penalty of perjury under the laws of the United States that the
9   foregoing is true and correct and that this declaration was executed on May 10, 2019
10   at Long Beach, California.

11
12
13                                    /s/ Paul M. Gleason
                                         Paul Gleason
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

 CT Corporation

**Service of Process Transmittal**
04/10/2019
CT Log Number 535271858

**TO:** Cole Carter, Associate General Counsel
CoreCivic
10 Burton Hills Blvd
Nashville, TN 37215-6105

**RE:** **Process Served in California**

**FOR:** CoreCivic, Inc.  (Domestic State: MD)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | DENNIS GLOVER, Pltf. vs. CORECIVIC, INC., etc., et al., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Exhibit(s), Notice(s), Stipulation, Cover sheet |
| **COURT/AGENCY:** | San Diego County - Superior Court, CA<br>Case # 37201900012457CUWTCTL |
| **NATURE OF ACTION:** | Employee Litigation - Discrimination - 06/29/2018 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Los Angeles, CA |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 04/10/2019 at 15:36 |
| **JURISDICTION SERVED :** | California |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days after service |
| **ATTORNEY(S) / SENDER(S):** | Joshua C. Braddock<br>BRADDOCK LAW APC<br>110 West A Street<br>Suite 1075<br>San Diego, CA 92101<br>619-501-3619 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/11/2019, Expected Purge Date: 04/16/2019 |
| | Image SOP |
| | Email Notification,  ANN PARKER  ann.parker@corecivic.com |
| **SIGNED:**<br>**ADDRESS:** | C T Corporation System<br>818 West Seventh Street<br>Los Angeles, CA 90017 |
| **TELEPHONE:** | 213-337-4615 |

Page 1 of  1 / PP

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

4-10-19

11:36 nm



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

2019 MAR -7 P 1: 28

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

CORECIVIC, INC., a Maryland Corporation; FRED FIGUEROA, an individual; and DOES 1 through 25, Inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DENNIS GLOVER

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.
*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* | CASE NUMBER:<br>*(Número del Caso):*<br>**37-2019-00012457-CU-WT-CTL** |
|---|---|

San Diego Superior Court
330 West Broadway, San Diego, CA 92101

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joshua C. Braddock, 110 West A Street, Ste. 1075 San Diego, CA 92101, (619) 501-3619

| DATE:<br>*(Fecha)* | MAR 0 7 2019 | Clerk, by<br>*(Secretario)* | C. VAN PEL* | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* CoreCivic, Inc, a Maryland Corporation

under: ☒ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courtinfo.ca.gov |
|---|---|---|

1  Joshua C. Braddock, Esq. (SBN 295604)
2  BRADDOCK LAW APC
   110 West A Street, Suite 1075
3  San Diego, California 92101
   Direct: 619.501.3619
4  Fax:    619.923.3727

5  Attorneys for Plaintiff Dennis Glover

6              SUPERIOR COURT OF THE STATE OF CALIFORNIA
                    FOR THE COUNTY OF SAN DIEGO
7

8  DENNIS GLOVER,                      )  CASE NO. 37-2019-00012457-CU-WT-CTL
                                        )
9            Plaintiff,                 )  COMPLAINT
                                        )
10     v.                               )  1. DISABILITY DISCRIMINATION [Cal.
                                        )     Gov't Code § 12940(a)];
11 CORECIVIC, INC., a Maryland          )  2. FAILURE TO ACCOMMODATE
   Corporation; FRED FIGUEROA, an       )     DISABILITY [Cal. Gov't Code § 12940(m)];
12 individual; and DOES 1 through 25,   )  3. FAILURE TO ENGAGE IN THE
   Inclusive,                           )     INTERACTIVE PROCESS [Cal. Gov't Code
13                                      )     § 12940(n)].;
14         Defendants.                  )  4. FAILURE TO CORRECT AND REMEDY
                                        )     DISCRIMINATION AND HARASSMENT;
15                                      )  5. RETALIATION [Cal. Gov't Code §
                                        )     12940(m)(2)];
16                                      )  6. WRONGFUL TERMINATION [Cal. Gov't
                                        )     Code § 12940(h)];
17                                      )  7. FAILURE TO PROVIDE
                                        )     UNINTERRUPTED MEAL AND REST
18                                      )     PERIODS (Cal. Labor Code §226.7, 512]
                                        )  8. FAILURE TO PAY FINAL WAGES (Cal.
19                                      )     Labor Code §201-203)
                                        )  9. FAILURE TO PROVIDE ITEMIZED AND
20                                      )     ACCURATE WAGE AND HOUR
                                        )     STATEMENTS (Cal. Labor Code §226)
21                                      )  10. VIOLATION OF BUSINESS AND
                                        )     PROFESSIONS CODE §17200
22                                      )  11. INTENTIONAL INFLICTION OF
                                        )     EMOTIONAL DISTRESS
23                                      )
                                        )  DEMAND FOR JURY TRIAL
24

25

26

27 Plaintiff DENNIS GLOVER, by and through his counsel, claims and alleges as follows:

28 ////

                                   1
                               COMPLAINT

**PARTIES**

1.      Plaintiff, DENNIS GLOVER (hereinafter "Plaintiff Glover"), is a male individual who at all times relevant to this action resided in the County of San Diego, State of California.

2.      Plaintiff is informed, believes and thereupon alleges that Defendant CORECIVIC, INC. (hereinafter "Defendant CoreCivic") is a Maryland Corporation that does business extensively within the County of San Diego. CoreCivic owns and/or manages the Otay Mesa Detention Center, and, at all times relevant to the Complaint, was Plaintiff's employer.

3.      Plaintiff is informed and believes and thereupon alleges that Defendant FRED FIGUEROA ("Figueroa") is an individual residing within the County of San Diego. At all times relevant to the Complaint, Figueroa was the Warden of Otay Mesa Detention Center. Plaintiff is informed and believes and thereupon alleges that Figueroa was a manager and/or decision-maker for CoreCivic.

4.      Plaintiff is ignorant of the true names and capacities—whether individual, corporate, associate or other—of the Defendants sued herein under fictitious names DOES 1 through 25 inclusive, and for that reason sues each of the said Defendants by such fictitious names. Plaintiff is informed, believes and thereupon alleges that each of the Defendants, DOES 1 through 25 inclusive, is and was in some manner responsible for, participated in or contributed to the matters and things of which Plaintiff complains herein; thus, the Defendants have some legal responsibility. When Plaintiff ascertains the names and capacities of the fictitiously named Defendants DOES 1 through 25 inclusive, Plaintiff will seek leave to amend this Complaint to set forth such facts and add such Defendants.

5.      Plaintiff is informed, believes and thereupon alleges that each Defendant is, and at all times relevant herein was, the agent of his, her or its co-defendants. Moreover, in committing the acts alleged herein, each Defendant was acting within the scope of his, her or its authority as such agent, with the knowledge, permission, and consent of his, her or its co-defendants.

////

////

1      6.     Plaintiff filed his charge with the California Department of Fair Employment and

2  Housing ("DFEH") on February 21, 2019, and thereafter on that same day received from the

3  DFEH his "right to sue," which is attached hereto as "EXHIBIT A."

4                            **JURISDICTION AND VENUE**

5      7.     The Court has personal jurisdiction over Defendants because they are residents of

6  and/or doing business in the State of California and employed Plaintiff and others in the State of

7  California, and as such voluntarily subjected themselves to the laws of this state.

8      8.     This Court has subject matter jurisdiction over all causes of action asserted herein

9  pursuant to Article VI, § 10 of the California Constitution, California Code of Civil Procedure §

10  410.10, by virtue of the fact that this is a civil action in which the matter in controversy,

11  exclusive of interest, exceeds TWENTY-FIVE THOUSAND AND NO/100 DOLLARS

12  ($25,000.00), and because each cause of action asserted arises under the laws of the State of

13  California or is subject to adjudication in the courts of the State of California.  No part of this

14  complaint is preempted by federal law or challenges conduct within any federal agency's

15  exclusive domain, and adjudication thereof has not been statutorily assigned to any other court of

16  jurisdiction.

17

18      9.     Venue is proper in this Court in accordance with California Code of Civil

19  Procedure § 395(a) because Defendants conduct business in the County of San Diego, and

20  employed and continue to employ persons in this state.  Moreover, venue is proper pursuant to

21  California Government Code § 12965(b), because the unlawful business practices complained of

22  herein were committed within the County of San Diego and, further because, the County of San

23  Diego is the county in which Plaintiff would have continued to work, but for the unlawful

24  business practices complained of herein.

25                            **GENERAL ALLEGATIONS**

26      10.    By this reference, Plaintiff alleges and incorporates herein each and every

27  allegation set forth in all previous paragraphs of the Complaint.

28  ////

3

COMPLAINT

11.     Plaintiff began working for CoreCivic on June 16, 2003 as a prison guard at the Otay Mesa Detention Center in San Diego County, California.

12.     On December 11, 2016, while leaving his shift at the Detention Center, Plaintiff slipped in a pool of water left on the floor by prison inmates. Plaintiff seriously injured his knee and quadriceps muscle in this incident. On December 29, 2016, Plaintiff required surgery for this work-related injury.

13.     On March 13, 2017, Plaintiff's doctor released him to work on modified duty. The doctor specifically stated that Plaintiff was released to "sit-down only" work. CoreCivic and Figueroa assigned Plaintiff to the mail room at the Detention Center. Plaintiff worked in the mail room until January 2018.

14.     In January 2018, CoreCivic hired another individual to work in the mail room, and Plaintiff was instructed by CoreCivic Warden/Assistant Chief Shane Cosby that he was being transferred to the visitation room. Cosby informed Plaintiff that he would not lose his security clearance in the transfer, but that the job did require him to walk rounds. Plaintiff worked in the visitation room for 3 weeks.

15.     In February 2018, CoreCivic moved Plaintiff to the lobby of the Detention Center. This job required less walking than the visitation room, but did require Plaintiff to walk at times. Plaintiff was assigned to the Swing Shift, requiring him to arrive at work at 2:30 a.m. every day, and work alone in the lobby. Plaintiff continued to work in the lobby for the next two months.

16.     On April 15, 2018, Figueroa and Human Resources manager Juanita Lucero met with Plaintiff about his position with CoreCivic. Figueroa advised Plaintiff that he could not continue to work in the lobby or visitation rooms, and requested that Plaintiff agree to take a voluntary demotion to the mail room. The demotion involved a pay cut of $13 per hour.

17.     Plaintiff informed Figueroa and Ms. Lucero that he did not wish to accept the significant demotion. However, he informed Figuero and Ms. Lucero that his condition would allow him to continue to work in the lobby (as was currently doing), the visitation area (which he had done in January), or the video recreation room; or he could work a combination of the

three rooms. Plaintiff further advised that he would be willing to retrain for an administrative position that would accommodate his disability.

18.     Figueroa informed Plaintiff that he could not transfer into one of these positions. Neither Figueroa, Ms. Lucero, or any other individual with CoreCivic offered Plaintiff retraining for an administrative position.

19.     On June 29, 2018, Plaintiff was terminated by CoreCivic.

20.     Since his termination by Defendant, and as a result of Defendant's blatant and conscious disregard for Plaintiff's well-being, Plaintiff has suffered embarrassment, humiliation, grief, and severe emotional distress, including but not limited to loss of sleep, headaches, and/or migraines, nausea and anxiety.

## FIRST CAUSE OF ACTION
## DISABILITY DISCRIMINATION
## BY PLAINTIFF AGAINST DEFENDANTS
### [California Government Code § 12940(a)]

21.     Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

22.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code § 12926(c) and California Government Code §§ 12940(a) and (c), which prohibit disability discrimination in employment.

23.     Defendants were at all material times an "employer" as defined by California Government Code § 12926(d) and within the meaning of California Government Code §§ 12940(a) and (c) and, as such, was barred from discriminating in employment decisions on the basis of disability, as set forth in California Government Code § 12940.

24.     Defendants have discriminated against Plaintiff on the basis of his disability in violation of California Government Code §§ 12940(a) and (c), Article I of the California Constitution and related statutes, by engaging in the course of conduct more fully set forth in the General Allegations and all paragraphs stated above.

25.     As a result of Defendants' unlawful discrimination against Plaintiff, he has suffered and continues to suffer substantial humiliation, serious mental anguish, emotional and physical distress; and loss of past and future earnings, and employment benefits and opportunities, entitling Plaintiff to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

26.     As more fully set forth above, the disability discrimination by Defendants was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

27.     In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees and costs pursuant to Government Code section 12965(b).

## SECOND CAUSE OF ACTION

### FAILURE TO ACCOMMODATE

### BY PLAINTIFF AGAINST DEFENDANTS

### [California Government Code § 12940(m)]

28.     Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

29.     Plaintiff at all times hereto was an "employee" within the meaning of California Government Code §12926(c) and California Government Code §§12940 (a) and (c), which prohibit disability/medical condition discrimination in employment.

30.     Defendants were at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code §§12940(a) and (c),

and, as such, were barred from discriminating against Plaintiff on the basis of disability, perceived disability, or medical condition possessed or thought to be possessed by an employee, as set forth in California Government Code §12940.

31.     During Plaintiff's employment with Defendant CoreCivic, he was injured on the job, which caused him to suffer from a condition that substantially limits his major life activities.

32.     Despite having knowledge of Plaintiff's condition, Defendants failed to provide Plaintiff with a reasonable accommodation for the above health condition by denying alternative employment and ultimately terminating his employment.

33.     As a proximate result of Defendant's failure to accommodate Plaintiff's known health conditions, Plaintiff has suffered humiliation, serious mental anguish, and emotional and physical distress; and loss of past and future earnings, and employment benefits and opportunities; entitling Plaintiff to compensatory damages. The amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

34.     As more fully set forth above, Defendants' failure to accommodate Plaintiff's known serious health conditions was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard to Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

35.     In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees and costs pursuant to Government Code section 12965(b).

////

////

## THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN THE INTERACTIVE PROCESS

### BY PLAINTIFF AGAINST DEFENDANTS

#### [California Government Code § 12940(n)]

36.     Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

37.     Plaintiff was at all times hereto an "employee" within the meaning of California Government Code §12926(c) and California Government Code §§12940(a) and (c), which prohibit disability/medical condition discrimination in employment.

38.     Defendants were at all material times an "employer" within the meaning of California Government Code §12926(d) and California Government Code §§ 12940(a) and (c) and, as such, were barred from discrimination of Plaintiff on the basis of disability, perceived disability, or medical condition possessed or thought to be possessed by an employee, as set forth in California Government Code §12940.

39.     During Plaintiff's employment with Defendant CoreCivic, he was injured on the job, which caused him to suffer from a condition that substantially limits his major life activities.

40.     Despite having notice of Plaintiff's condition, Defendants failed to engage in a timely, good faith, interactive process with Plaintiff to determine effective reasonable accommodations for Plaintiff to continue to work, in violation of California Government Code §12940(n).

41.     As a result of Defendants' failure to engage in the interactive process of accommodation of his known disabilities, Plaintiff has suffered and continues to suffer substantial humiliation, serious mental anguish, and emotional and physical distress; and loss of past and future earnings, and employment benefits and opportunities, entitling Plaintiff to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

42.     As more fully set forth above, Defendants' failure to engage in the interactive process to accommodate Plaintiff's known disabilities was committed intentionally, maliciously, wantonly, oppressively, and fraudulently with a conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff. Such acts amounted to oppression, fraud, and malice, as described in California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example out of Defendants.

43.     In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees and costs pursuant to Government Code section 12965(b).

## FOURTH CAUSE OF ACTION

## FAILURE TO CORRECT AND REMEDY DISCRIMINATION AND HARASSMENT

### [California Government Code § 12940(j)]

44.     Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

45.     Defendants failed to take all reasonable steps to correct and remedy the discrimination against Plaintiff, which, by engaging in the course of conduct set forth in the General Allegations and all paragraphs stated above, amongst other things, violated the California Government Code § 12940(j).

46.     As a result of Defendants' failure to correct or remedy the unlawful discrimination of Plaintiff, Plaintiff has suffered and continues to suffer substantial humiliation, serious mental anguish, emotional and physical distress as well as loss of past and future earnings, employment benefits and opportunities, entitling Plaintiff to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

////

47.     As more fully set forth above, Defendants' failure to correct or remedy the unlawful harassment and discrimination was intentional, malicious, wanton, oppressive and fraudulent, with a conscious disregard for Plaintiff's rights, the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294. Plaintiff is therefore entitled to punitive or exemplary damage in an amount sufficient to punish and form an example out of Defendants.

## FIFTH CAUSE OF ACTION

### RETALIATION

### (California Government Code § 12940(m)(2))

48.     Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint as if fully set forth herein.

49.     In violation of California Government Code § 12940(m)(2), Defendants retaliated against Plaintiff for seeking accommodation for his disability, through numerous illegal acts, including without limitation, those set forth in the above General Allegations.

50.     Plaintiff's aforementioned protected activity, as described above, was a motivating factor in Defendants' decisions that were adverse to Plaintiff, including his termination. Specifically, Defendants terminated Plaintiff's employment without valid justification as a result of his lawful and protected activity of requesting accommodations for his disability.

51.     As a direct and proximate result of Defendants' retaliatory actions against Plaintiff, Plaintiff has suffered and continues to suffer substantial humiliation, serious mental anguish, and emotional and physical distress; and loss of past and future wages, and employment benefits and opportunities, entitling Plaintiff to compensatory damages. The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

////

52.    As more fully set forth above, Defendants' retaliatory actions were willful, wanton, malicious, and oppressive and committed with the intent to cause the injuries sustained by Plaintiff, within the meaning of <u>California Civil Code</u> § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendants.

53.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees and costs pursuant to Government Code section 12965(b).

**SIXTH CAUSE OF ACTION**

**WRONGFUL TERMINATION**

**[California Government Code § 12940(h)]**

54.    Each of the above paragraphs contained in this Complaint is hereby incorporated by reference at this point as if set forth herein at full length.

55.    The aforementioned acts of Defendants constitute wrongful termination in violation of public policy.

56.    As a result of Defendants' wrongful conduct, Plaintiff has suffered and continues to suffer substantial humiliation, serious mental anguish, and emotional and physical distress, on account of which Plaintiff is entitled to compensatory damages.  The exact amount and nature of such damages exceed the jurisdictional limits of this court, but are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

57.    As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive, and fraudulent, with conscious disregard for Plaintiff's rights and with the intent to vex, injure, punish, and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of <u>California Civil Code</u> §3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and make an example of Defendant.

////

11

COMPLAINT

58.    In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees and costs pursuant to Government Code section 12965(b).

## SEVENTH CAUSE OF ACTION

### FAILURE TO PROVIDE UNINTERRUPTED MEAL AND REST PERIODS

### [California Labor Code §§ 226.7, 512]

59.    Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

60.    California Labor Code §§ 512 and 226.7(a) prohibit an employer from requiring an employee to work more than five hours per day without providing the employee with a meal period of no less than 30 minutes; after ten hours, any employer is prohibited from not providing the employee with a second meal period of no less than 30 minutes.

61.    California Labor Code §§ 512 and 226.7(a) prohibit an employer from requiring an employee to work for more than four hours per day without providing the employee with a 10-minute rest period.

62.    These break periods must be complete and uninterrupted.

63.    For the duration of Plaintiff's employment with Defendants, Defendants interrupted Plaintiff's legally required rest and meal periods when they were provided. Defendants thus violated California Labor Code §§ 512 and 226.7.

64.    As a result, Plaintiff is entitled to civil penalties pursuant to California Labor Code § 226.7, 512, Wage Order 7 and related statutes. Plaintiff is also entitled to recover all unpaid rest and meal periods, prejudgment interest, penalties, and costs of suit. The exact amounts of such damages are presently unknown to Plaintiff who will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

////

////

////

**EIGHTH CAUSE OF ACTION**

**FAILURE TO PAY FINAL WAGES**

**[California Labor Code §§ 201-203]**

65.     Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

66.     Following Plaintiff's termination, Defendants failed to immediately pay accrued wages and other compensation due to Plaintiff, and failed to pay accrued wages, including compensation due for the interrupted meal and rest breaks, at the time of Plaintiff's initial separation/termination.

67.     As a result, Plaintiff is entitled to back wages, prejudgment interest, reasonable attorney's fees and costs, and waiting time penalties pursuant to California Labor Code § 203 and related statutes.  The exact amounts of such damages are presently unknown to Plaintiff, who will either seek leave to amend this Complaint upon ascertaining such information, or will prove the same at the time of trial.

68.     In addition to such other damages as may properly be recovered herein, Plaintiff is entitled to recover prevailing party attorneys' fees and costs pursuant to Labor Code section 218.5.

**NINTH CAUSE OF ACTION**

**FAILURE TO PROVIDE ITEMIZED AND ACCURATE WAGE AND HOUR STATEMENTS**

**[California Labor Code § 226]**

69.     Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

70.     During the time Plaintiff worked for Defendants, he was not provided with uninterrupted meal and rest breaks. Because his meal and rest breaks were interrupted, Defendants intentionally and knowingly failed to provide Plaintiff with timely and accurate wage and hour statements showing gross hours earned, total hours worked, all deductions made, net

wages earned, and all applicable hourly rates in effect during each pay period and the corresponding number of hours worked at each hourly rate.

71.     Defendants systemically failed to provide such wage statements with accurate information and engaged in a policy of under-reporting and failing to pay for all hours actually worked in violation of California Labor Code §226 and related statutes.

72.     As a result of Defendants' violation of California Labor Code §226 and related statutes, Plaintiff has suffered injuries and damages, including, but not limited to: Plaintiff was not provided required uninterrupted meal and rest breaks; and Plaintiff was not paid wages.

73.     As a result of Defendants' intentional failure to provide Plaintiff with accurate and itemized wage statements, Plaintiff is entitled to damages, including but not limited to, all available statutory penalties, costs, and attorneys' fees, including those provided in California Labor Code §226(e), as well as all other available remedies.

<u>**TENTH CAUSE OF ACTION**</u>

**VIOLATION OF BUSINESS AND PROFESSIONS CODE §17200, *et seq;***

74.     Plaintiff alleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

75.     California Business and Professions Code §17200 provides: "As used in this chapter, unfair competition shall mean and include any unlawful or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising and any act prohibited by Chapter 1 (commencing with Section 17500) of Part 3 of Division 7 of the Business and Professions Code."

76.     Wage and hour laws express fundamental public policies. Providing employees with wages for all hours worked, uninterrupted rest breaks, and providing accurate itemized records are fundamental public policies of this State. Labor Code § 90.5(a) articulates the public policies of this State to enforce vigorous minimum labor standards, to ensure that employees are not required or permitted to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain a competitive advantage by

failing to comply with minimum labor standards.

77.    Through the conduct alleged herein, Defendants have acted contrary to these public policies, have violated specific provisions of the Labor Code, and have engaged in other unlawful and unfair business practices in violation of California Business and Professions Code §17200, et seq., depriving Plaintiff of rights, benefits, and privileges guaranteed to all employees in California.

78.    During the course of Plaintiff's employment, Defendants engaged in multiple violations of the California Labor Code by failing to provide Plaintiff uninterrupted meal and rest periods and by failing to provide accurate and itemized statements of Plaintiff's wage and hours.

79.    Defendants' conduct, as alleged hereinabove, constitutes unfair competition in violation of §17200 et seq., of the California Business and Professions Code.

80.    The acts of Defendants, as previously described above, were unfair, unlawful, and fraudulent as defined in California Business and Professions Code §17200, et seq. Such acts constitute an unfair business practice and unfair competition, thus violating California Business and Professions Code §17200 et seq. As a result, Defendants obtained valuable property, money and services from Plaintiff, including earned wages for all hours worked and have deprived him of valuable rights and benefits guaranteed by law, all to the detriment of Plaintiff and to the benefit of Defendants so as to allow Defendants to unfairly compete against competitors who comply with the law.

81.    As a result of the foregoing conduct, Plaintiff is entitled to recover restitution damages in the form of payment of unlawfully withheld wages.  Plaintiff is also entitled to recover reasonable attorneys' fees pursuant to Code of Civil Procedure §1021.5, the substantial benefit doctrine.

## ELEVENTH CAUSE OF ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

82.    Plaintiff realleges and incorporates herein by this reference each and every allegation set forth in all previous paragraphs of the Complaint.

83.     Defendants engaged in disability discrimination against Plaintiff, as well as aided and abetted each other in engaging in illegal discrimination, thereby subjecting Plaintiff to the intentional infliction of emotional distress caused by such discrimination and harassment, which violated California Government Code § 12940.

84.     The acts of Defendants as described herein were extreme, outrageous and represent an abuse of the authority and position of each of the Defendants.  Such improper conduct was intended to cause severe emotional distress or was done with a conscious disregard for the probability of causing such distress.  Such conduct exceeded the inherent risks of employment and was not the sort of conduct suitable to a workplace.  Defendants abused their positions of authority toward Plaintiff, and engaged in conduct intended to humiliate Plaintiff and convey the message that he was powerless and could not defend his rights.

85.     Defendants' conduct was the proximate cause of, and a substantial factor in causing, Plaintiff to suffer embarrassment, anxiety, humiliation, serious mental anguish, and emotional and physical distress.  Plaintiff will continue to suffer damages in a sum that exceeds the jurisdictional limits of this court, but is yet to be ascertained.  Plaintiff will either seek leave to amend this Complaint upon ascertaining such information or will prove the same at the time of trial.

86.     As more fully set forth above, the acts of Defendants were intentional, malicious, wanton, oppressive and fraudulent, with a conscious disregard for Plaintiff's rights, the intent to vex, injure, punish and annoy Plaintiff so as to cause the injuries sustained by Plaintiff, within the meaning of California Civil Code § 3294.  Plaintiff is therefore entitled to punitive or exemplary damages in an amount sufficient to punish and form an example out of Defendants.

////

////

////

////

////

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against each of the Defendants as follows:

1.    For such general, special and compensatory, actual and liquidated damages in amounts to be proven at the time of trial;

2.    For punitive and exemplary damages in amounts to be proven at the time of trial;

3.    For penalties pursuant to the California Labor Code;

4.    For waiting time statutory penalties under Labor Code section 203;

5.    For an award of penalties pursuant to Labor Code section 226.7;

6.    For an award of damages pursuant to Labor Code section 226(e);

7.    For costs of suit, including attorneys' fees as permitted by law, including those permitted by Labor Code sections 226(e), 218.5, 1194(a), and Government Code section 12965(b);

8.    For pre- and post-judgment interest at the prevailing statutory rates; and

9.    For such other relief as the Court may deem proper.

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial for the causes of action set forth above.

BRADDOCK LAW APC

Dated: March 7, 2019                    By: _____
                                        JOSHUA C. BRADDOCK, ESQ.
                                        Attorney for Plaintiff
                                        DENNIS GLOVER

17
COMPLAINT

# EXHIBIT "A"



STATE OF CALIFORNIA I Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) I California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

February 21, 2019

Dennis Glover

,

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 201902-05210221
      Right to Sue: Glover / CoreCivic, Inc. et al.

Dear Dennis Glover,

This letter informs you that the above-referenced complaint was filed with the Department of Fair Employment and Housing (DFEH) has been closed effective February 21, 2019 because an immediate Right to Sue notice was requested. DFEH will take no further action on the complaint.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,


Department of Fair Employment and Housing

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR
KEVIN KISH, DIRECTOR

February 21, 2019

RE:   **Notice of Filing of Discrimination Complaint**
DFEH Matter Number: 201902-05210221
Right to Sue: Glover / CoreCivic, Inc. et al.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit.
This case is not being investigated by DFEH and is being closed immediately. A copy of
the Notice of Case Closure and Right to Sue is enclosed for your records.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

In the Matter of the Complaint of

Dennis Glover                                                    DFEH No. 201902-05210221

                              Complainant,

vs.

CoreCivic, Inc.
'

Fred Figueroa
'

                        Respondents
_____

1. Respondent **CoreCivic, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

2. Complainant **Dennis Glover**, resides in the City of  State of .

3. Complainant alleges that on or about **June 29, 2018**, respondent took the following adverse actions:

**Complainant was harassed** because of complainant's disability (physical or mental).

**Complainant was discriminated against** because of complainant's disability (physical or mental) and as a result of the discrimination was terminated.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated.

**Additional Complaint Details:** Plaintiff began working for CoreCivic on June 16, 2003 as a prison guard at the Otay Mesa Detention Center in San Diego County, California.

-1-
*Complaint – DFEH No. 201902-05210221*

Date Filed: February 21, 2019

On December 11, 2016, while leaving his shift at the Detention Center, Plaintiff slipped in a pool of water left on the floor by prison inmates. Plaintiff seriously injured his knee and quadriceps muscle in this incident. On December 29, 2016, Plaintiff required surgery for this work-related injury.

On March 13, 2017, Plaintiff's doctor released him to work on modified duty. The doctor specifically stated that Plaintiff was released to "sit-down only" work. CoreCivic and Figueroa assigned Plaintiff to the mail room at the Detention Center. Plaintiff worked in the mail room until January 2018.

In January 2018, CoreCivic hired another individual to work in the mail room, and Plaintiff was instructed by CoreCivic Warden/Assistant Chief Shane Cosby that he was being transferred to the visitation room. Cosby informed Plaintiff that he would not lose his security clearance in the transfer, but that the job did require him to walk rounds. Plaintiff worked in the visitation room for 3 weeks.

In February 2018, CoreCivic moved Plaintiff to the lobby of the Detention Center. This job required less walking than the visitation room, but did require Plaintiff to walk at times. Plaintiff was assigned to the Swing Shift, requiring him to arrive at work at 2:30 a.m. every day, and work alone in the lobby. Plaintiff continued to work in the lobby for the next two months.

On April 15, 2018, Figueroa and Human Resources manager Juanita Lucero met with Plaintiff about his position with CoreCivic. Figueroa advised Plaintiff that he could not continue to work in the lobby or visitation rooms, and requested that Plaintiff agree to take a voluntary demotion to the mail room. The demotion involved a pay cut of $13 per hour.

Plaintiff informed Figueroa and Ms. Lucero that he did not wish to accept the significant demotion. However, he informed Figuero and Ms. Lucero that his condition would allow him to continue to work in the lobby (as he was currently doing), the visitation area (which he had done in January), or the video recreation room; or he could work a combination of the three rooms. Plaintiff further advised that he would be willing to retrain for an administrative position that would accommodate his disability.

Figueroa informed Plaintiff that the positions he suggested were only temporary, "privilege" positions, that are rotated every 6 months, and that Plaintiff could not transfer into one of these positions on a permanent basis. Neither Figueroa, Ms. Lucero, or any other individual with CoreCivic offered Plaintiff retraining for an administrative position.

On June 29, 2018, Plaintiff was discharged by CoreCivic. In the letter accompanying his Discharge notice, Plaintiff was informed that he was terminated due to CoreCivic's "inability to accommodate disability."

-2-
*Complaint – DFEH No. 201902-05210221*

Date Filed: February 21, 2019

1 | VERIFICATION

2 | I, **Joshua Braddock**, am the **Attorney** in the above-entitled complaint.  I have read
3 | the foregoing complaint and know the contents thereof.  The matters alleged are
based on information and belief, which I believe to be true.

4 |
5 | On February 21, 2019, I declare under penalty of perjury under the laws of the State
of California that the foregoing is true and correct.

6 | **San Diego, CA**

7 |

8 |

9 |

10 |

11 |

12 |

13 |

14 |

15 |

16 |

17 |

18 |

19 |

20 |

21 |

22 |

23 |

24 |

25 |

26 |

-3-
27 | *Complaint – DFEH No. 201902-05210221*

28 | Date Filed: February 21, 2019

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | |
|---|---|
| STREET ADDRESS: 330 W Broadway | |
| MAILING ADDRESS: 330 W Broadway | |
| CITY AND ZIP CODE: San Diego, CA 92101-3827 | |
| BRANCH NAME: Central | |
| TELEPHONE NUMBER: (619) 450-7075 | |
| PLAINTIFF(S) / PETITIONER(S): Dennis Glover | |
| DEFENDANT(S) / RESPONDENT(S): Corecivic Inc et.al. | |
| GLOVER VS CORECIVIC INC [IMAGED] | |
| **NOTICE OF CASE ASSIGNMENT**<br>**and CASE MANAGEMENT CONFERENCE** | **CASE NUMBER:**<br>37-2019-00012457-CU-WT-CTL |

**CASE ASSIGNMENT**

Judge: Richard E. L. Strauss                                  Department: C-75

**COMPLAINT/PETITION FILED:** 03/07/2019

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 11/15/2019 | 10:00 am | C-75 | Richard E. L. Strauss |

A case management statement must be completed by counsel for all parties or self-represented litigants and timely filed with the court at least 15 days prior to the initial case management conference. (San Diego Local Rules, Division II, CRC Rule 3.725).

All counsel of record or parties in pro per shall appear at the Case Management Conference, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of ADR* options.

IT IS THE DUTY OF EACH PLAINTIFF (AND CROSS-COMPLAINANT) TO SERVE A COPY OF THIS NOTICE WITH THE COMPLAINT (AND CROSS-COMPLAINT), THE ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION FORM (SDSC FORM #CIV-730), A STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) (SDSC FORM #CIV-359), AND OTHER DOCUMENTS AS SET OUT IN SDSC LOCAL RULE 2.1.5.

ALL COUNSEL WILL BE EXPECTED TO BE FAMILIAR WITH SUPERIOR COURT RULES WHICH HAVE BEEN PUBLISHED AS DIVISION II, AND WILL BE STRICTLY ENFORCED.

TIME STANDARDS: The following timeframes apply to general civil cases and must be adhered to unless you have requested and been granted an extension of time. General civil cases consist of all civil cases except: small claims proceedings, civil petitions, unlawful detainer proceedings, probate, guardianship, conservatorship, juvenile, parking citation appeals, and family law proceedings.

COMPLAINTS: Complaints and all other documents listed in SDSC Local Rule 2.1.5 must be served on all named defendants.

DEFENDANT'S APPEARANCE: Defendant must generally appear within 30 days of service of the complaint. (Plaintiff may stipulate to no more than 15 day extension which must be in writing and filed with the Court.) (SDSC Local Rule 2.1.6)

JURY FEES: In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

COURT REPORTERS: Court reporters are not provided by the Court in Civil cases. See policy regarding normal availability and unavailability of official court reporters at www.sdcourt.ca.gov.

*ALTERNATIVE DISPUTE RESOLUTION (ADR): THE COURT ENCOURAGES YOU TO CONSIDER UTILIZING VARIOUS ALTERNATIVES TO TRIAL, INCLUDING MEDIATION AND ARBITRATION, PRIOR TO THE CASE MANAGEMENT CONFERENCE. PARTIES MAY FILE THE ATTACHED STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (SDSC FORM #CIV-359).



Superior Court of California
County of San Diego

# NOTICE OF ELIGIBILITY TO eFILE
## AND ASSIGNMENT TO IMAGING DEPARTMENT

This case is eligible for eFiling. Should you prefer to electronically file documents, refer to General Order in re procedures regarding electronically imaged court records, electronic filing, and access to electronic court records in civil and probate cases for rules and procedures or contact the Court's eFiling vendor at www.onelegal.com for information.

This case has been assigned to an Imaging Department and original documents attached to pleadings filed with the court will be imaged and destroyed.  Original documents should not be filed with pleadings.  If necessary, they should be lodged with the court under California Rules of Court, rule 3.1302(b).

On August 1, 2011 the San Diego Superior Court began the Electronic Filing and Imaging Pilot Program ("Program").  As of August 1, 2011 in all new cases assigned to an Imaging Department all filings will be imaged electronically and the electronic version of the document will be the official court file.  The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and on the Internet through the court's website.

You should be aware that the electronic copy of the filed document(s) will be the official court record pursuant to Government Code section 68150.  The paper filing will be imaged and held for 30 days.  After that time it will be destroyed and recycled.  Thus, you should not attach any original documents to pleadings filed with the San Diego Superior Court. Original documents filed with the court will be imaged and destroyed except those documents specified in California Rules of Court, rule 3.1806.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant or petitioner to serve a copy of this notice with the complaint, cross-complaint or petition on all parties in the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words **"IMAGED FILE"** in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.



**SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO**

**ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION**

CASE NUMBER: 37-2019-00012457-CU-WT-CTL       CASE TITLE: Glover vs Corecivic Inc [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:
> (1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
> (2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), _and_
> (3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| **Potential Advantages** | **Potential Disadvantages** |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes:** There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II. Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at www.courtinfo.ca.gov/selfhelp/lowcost.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS:     330 West Broadway | |
| MAILING ADDRESS:    330 West Broadway | |
| CITY, STATE, & ZIP CODE: San Diego, CA  92101-3827 | |
| BRANCH NAME:     Central | |

| PLAINTIFF(S):   Dennis Glover |
|---|
| DEFENDANT(S): Corecivic Inc et.al. |
| SHORT TITLE:   GLOVER VS CORECIVIC INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2019-00012457-CU-WT-CTL |
|---|---|

Judge: Richard E. L. Strauss                                 Department: C-75

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐  Mediation (court-connected)              ☐  Non-binding private arbitration

☐  Mediation (private)                      ☐  Binding private arbitration

☐  Voluntary settlement conference (private) ☐  Non-binding judicial arbitration (discovery until 15 days before trial)

☐  Neutral evaluation (private)             ☐  Non-binding judicial arbitration (discovery until 30 days before trial)

☐  Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____          Date: _____

_____          _____
Name of Plaintiff                                 Name of Defendant

_____          _____
Signature                                          Signature

_____          _____
Name of Plaintiff's Attorney                       Name of Defendant's Attorney

_____          _____
Signature                                          Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

IT IS SO ORDERED.

Dated: 03/07/2019                                 _____
                                                   JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION        Page: 1

3

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Joshua C. Braddock (SBN:295604)<br>Braddock Law, APC<br>110 West A Street, Suite 1075<br>San Diego, California 92101<br>TELEPHONE NO.: (619) 501-3619      FAX NO.: (619) 923-3727<br>ATTORNEY FOR *(Name):* Plaintiff Dennis Glover | FOR COURT USE ONLY |
|---|---|

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Diego |
|---|
| STREET ADDRESS: 330 West Broadway |
| MAILING ADDRESS: |
| CITY AND ZIP CODE: San Diego, California 92101 |
| BRANCH NAME: Hall of Justice Branch |

| CASE NAME:<br>Glover v. CoreCivic, Inc., et al. |
|---|

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER:<br>37-2019-00012457-CU-WT-CTL |
|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| **Auto Tort** | **Contract** | **Provisionally Complex Civil Litigation**<br>(Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property**<br>**Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse<br>condemnation (14) | above listed provisionally complex case<br>types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Partnership and corporate governance (21) |
| **Employment** | ☐ Petition re: arbitration award (11) | ☐ Other petition *(not specified above)* (43) |
| ☑ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is   ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties      d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel      e. ☐ Coordination with related actions pending in one or more courts
       issues that will be time-consuming to resolve           in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence      f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 11
5. This case ☐ is   ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 7, 2019

Joshua C. Braddock, Esq.
_____      _____
(TYPE OR PRINT NAME)                       (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |
|---|---|---|

# EXHIBIT B

1   PAUL M. GLEASON (SBN: 155569)
    TOREY JOSEPH FAVAROTE (SBN: 198521)
2   JING TONG (SBN: 285061)
    GLEASON & FAVAROTE, LLP
3   4014 Long Beach Blvd., Suite 300
    Long Beach, California 90807
4   Telephone:    (213) 452-0510
    Facsimile:    (213) 452-0514
5   pgleason@gleasonfavarote.com
    tfavarote@gleasonfavarote.com
6   jtong@gleasonfavarote.com

7   Attorneys for Defendant CoreCivic, Inc.

8

9

10           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

11                    **FOR THE COUNTY OF SAN DIEGO**

12

13

14   DENNIS GLOVER,                          )   Case No. 37-2019-00012457-CU-WT-CTL
                                             )
15                 Plaintiff,                )
                                             )   **DEFENDANT CORECIVIC, INC.'S**
16          v.                               )   **ANSWER TO PLAINTIFF'S**
                                             )   **UNVERIFIED COMPLAINT**
17   CORECIVIC, INC.; a Maryland Corporation; )
     FRED FIGUEROA, an individual; and DOES 1 )
18   to 25, Inclusive,                       )
                                             )
19                 Defendants.               )
                                             )
20                                           )
                                             )
21                                           )   Action Filed:   March 26, 2019
                                             )   Trial Date:     None
22                                           )
                                             )
23                                           )
                                             )
24   _____)

25   ///

26   ///

27   ///

28   ///

1  **TO PLAINTIFF DENNIS GLOVER AND HIS ATTORNEYS OF RECORD:**

2        Defendant CoreCivic, Inc. ("Defendant") hereby answers the unverified Complaint filed by

3  plaintiff Dennis Glover ("Plaintiff") as follows:

4                                   **GENERAL DENIAL**

5        Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure,

6  Defendant generally denies each and every allegation and cause of action contained in Plaintiff's

7  Complaint, and further denies that Plaintiff has been damaged in any manner or amount, or at all,

8  as a result of any act or omission by Defendant.

9        Additionally, Defendant asserts the following affirmative defenses and prays for judgment

10 as set forth below:

11                          **FIRST AFFIRMATIVE DEFENSE**
                                **(Statute of Limitations)**

12

13       1.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

14 action alleged therein, Defendant alleges that the claims are barred, in whole or in part, by the

15 applicable statute of limitations, including but not limited to Government Code sections 12900, *et*

16 *seq.*, 12960 and 12965 and California Code of Civil Procedure sections 335.1, 337, 338, 339, 340

17 and 343, and/or any other applicable statutes of limitation.

18                         **SECOND AFFIRMATIVE DEFENSE**
                                    **(Laches)**

19

20       2.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

21 action alleged therein, Defendant alleges that Plaintiff's claims, are barred, in whole or in part, by

22 the doctrine of laches.

23                          **THIRD AFFIRMATIVE DEFENSE**
                                **(Unclean Hands)**

24

25       3.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

26 action alleged therein, Defendant is informed and believes and based upon such information and

27 belief alleges that Plaintiff has or had unclean hands with respect to the matters alleged in his

28 Complaint, and on that ground, is barred from recovering any relief on his Complaint.

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

**FOURTH AFFIRMATIVE DEFENSE**
**(Failure to Exhaust Administrative Remedies)**

4.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has failed to exhaust his administrative remedies, including those set forth in California Government Code Section 12940, *et seq.*

**FIFTH AFFIRMATIVE DEFENSE**
**(Estoppel)**

5.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is barred, in whole or in part, for the reason that, by his actions, Plaintiff is estopped from bringing any claim for relief against Defendant.

**SIXTH AFFIRMATIVE DEFENSE**
**(Waiver)**

6.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes and based upon such information and belief alleges that by his conduct, Plaintiff has waived any right to recover any relief by his Complaint.

**SEVENTH AFFIRMATIVE DEFENSE**
**(Failure to State A Cause of Action)**

7.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that each purported cause of action in the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

**EIGHTH AFFIRMATIVE DEFENSE**
**(Workers' Compensation Exclusive Remedy)**

8.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained damages by reasons of the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for such damages are governed by the California Workers' Compensation Act.  Cal. Labor Code §§ 3200, *et*

1  *seq.* and §§ 3600, *et seq.*

2  ### NINTH AFFIRMATIVE DEFENSE
3  **(Attorneys' Fees)**

4      9.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

5  action alleged therein, Defendant alleges that said Complaint fails to allege complaints sufficient to

6  allow recovery of attorneys' fees from Defendant.

7  ### TENTH AFFIRMATIVE DEFENSE
**(Failure to Mitigate Damages)**

8  

9      10.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

10  action alleged therein, Defendant alleges that if Plaintiff sustained damages by reason of the

11  allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such

12  damages because by his own acts and omissions, he has failed to properly mitigate those damages.

13  ### ELEVENTH AFFIRMATIVE DEFENSE
**(After-Acquired Evidence)**

14  

15      11.   As a separate and affirmative defense to Plaintiff's Complaint and to each purported

16  cause of action contained therein, Defendant alleges that Plaintiff's right to recovery is barred in

17  whole or in part by the doctrine of After-Acquired Evidence.

18  ### TWELFTH AFFIRMATIVE DEFENSE
**(Mixed Motive)**

19  

20      12.   As a separate and affirmative defense to Plaintiff's Complaint and to each purported

21  cause of action contained therein, Defendant alleges, assuming *arguendo,* that there was a violation

22  of the Fair Employment and Housing Act and/or other violation of law, Plaintiff's claims remain

23  barred, in whole or in part, because even without any said impermissible conduct, the employment

24  actions taken herein still would have been taken due to work performance reasons and/or other

25  legitimate, nonprohibited, and/or independent reason(s). Defendant herewith raises the "mixed-

26  motive" defense.

27  ///

28  ///

1

2

### THIRTEENTH AFFIRMATIVE DEFENSE
#### (Failure to Take Advantage of Preventative or Corrective Opportunity)

3      13.    As a separate and affirmative defense to Plaintiff's Complaint, and each cause of

4    action alleged therein, Defendant alleges that at all times relevant hereto, Defendant exercised

5    reasonable care to prevent and correct promptly any purportedly harassing behavior, and to the

6    extent Plaintiff unreasonably failed to take advantage of any preventative and/or corrective

7    opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claim is barred.

8

### FOURTEENTH AFFIRMATIVE DEFENSE
#### (Not Plaintiff's Employer)

9

10      14.    As a separate and affirmative defense, Defendant CoreCivic, Inc. cannot be liable

11   for any of the claims asserted against it in the Complaint because it was not Plaintiff's employer

12   and is therefore an improperly named entity.

13

### FIFTEENTH AFFIRMATIVE DEFENSE
#### (Lawful Conduct)

14

15      15.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

16   action alleged therein, Defendant alleges that none of Defendant's acts were spiteful, malicious, in

17   bad faith or motivated by any ill will or fraud.  Instead, Defendant's acts, if any, were privileged,

18   non-discriminatory, non-harassing, non-retaliatory, proper and taken in accordance with

19   Defendant's rights as accorded by law.

20

### SIXTEENTH AFFIRMATIVE DEFENSE
#### (Good Cause/Legitimate Business Reason)

21

22      16.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

23   action alleged therein, Defendant alleges that, at all relevant times, Defendant acted with a good

24   faith belief that it had good cause and/or a legitimate non-retaliatory business reason to act as it did

25   and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's

26   rights.  As a consequence, Plaintiff is not entitled to any damages or penalties whatsoever.

27   / / /

28   / / /

4.

### SEVENTEENTH AFFIRMATIVE DEFENSE
#### (No Ratification)

17.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that some or all of Plaintiff's claims are barred because the alleged conduct complained of by Plaintiff was done by persons or entities other than Defendant and, that at all time, said persons or entities acted without the consent, authorization, knowledge, or ratification of Defendant with regard to the acts as alleged in the Complaint.

### EIGHTEENTH AFFIRMATIVE DEFENSE
#### (No Punitive Damages)

18.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is not entitled to recover punitive damages because neither Defendant nor any of its employees or agents have committed fraudulent, oppressive, malicious, willful, or egregious acts giving rise to liability, nor have they displayed reckless indifference to Plaintiff's rights and Plaintiff has not adequately pled a claim for punitive damages under California Civil Code Section 3294.

### NINETEENTH AFFIRMATIVE DEFENSE
#### (Contributory or Comparative Fault of Plaintiff)

19.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff was, at all times mentioned in the Complaint, guilty of comparative and/or contributory negligence or fault and is therefore barred from recovery.

### TWENTIETH AFFIRMATIVE DEFENSE
#### (Apportionment of Responsibility)

20.   As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained any loss under the circumstances alleged in the Complaint, which is denied, Defendant is liable only for that portion of damages, if any, which corresponds to Defendant's degree of fault or responsibility, and Defendant is not liable for damages attributable to the responsibility, negligence or fault of Plaintiff or of any other person

1    or entity, whether named or unnamed in the Complaint.

2    **TWENTY-FIRST AFFIRMATIVE DEFENSE**
       **(Pre-Existing Condition)**

3

4    21.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

5    action alleged therein, Defendant alleges that Plaintiff is not entitled to recover damages to the

6    extent that any purported emotional distress damages allegedly suffered by Plaintiff were caused

7    by any pre-existing psychological condition(s).

8    **TWENTY-SECOND AFFIRMATIVE DEFENSE**
       **(At-will employee)**

9

10    22.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of

11    action alleged therein, Defendant alleges that some or all of Plaintiff's claims fail because Plaintiff

12    was at all time employed as an at-will employee of Defendant.

13    **TWENTY-THIRD AFFIRMATIVE DEFENSE**
       **(Wages Paid)**

14

15    23.    To the extent that Plaintiff has been paid the alleged wages referenced in the

16    Complaint, the Complaint, and each cause of action therein on behalf of Plaintiff, is barred.

17    **TWENTY-FOURTH AFFIRMATIVE DEFENSE**
       **(Consent)**

18

19    24.    The Complaint, and each cause of action set forth therein, is barred, in whole or in

20    part, because Plaintiff consented to, approved, or participated in the alleged conduct about which

21    Plaintiff now complains.

22    **TWENTY-FIFTH AFFIRMATIVE DEFENSE**
       **(Mistake)**

23

24    25.    The Complaint, and each cause of action therein, is barred in whole or in part based

25    on Defendant's good faith mistake of fact.

26    / / /

27    / / /

28    / / /

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reliance on DLSE Policies and Procedures)

26.     The Complaint, and each cause of action alleged therein, is barred in whole or in part, because Defendant relied in good faith upon written guidelines, interpretations and rules promulgated by the California Department of Industrial Relations, California Division of Labor Standards Enforcement ("DLSE"), and upon the administrative practice and enforcement policies of the DLSE.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Reasonable Conduct)

27.     The Complaint, and each cause of action therein, is barred in whole or in part, because Defendant engaged in reasonable conduct under the circumstances and under their pay obligations under California wage and hour law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Meal periods authorized)

28.     The Complaint, and each purported cause of action claiming meal period violations therein, is barred in whole or in part, because at all relevant times Defendant authorized and permitted and never impeded the taking of statutory meal periods by Plaintiff and/or Plaintiff did take meal periods or freely and voluntarily chose to forego or waive a timely meal period.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Rest Periods Authorized)

29.     The Complaint, and each purported cause of action claiming rest period violations therein, is barred in whole or in part, because at all relevant times Defendant authorized and permitted and never impeded the taking of rest periods by Plaintiff and/or Plaintiff did take rest periods or voluntarily and freely chose to forego or waive his/her rest period.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Good Faith and Reasonable Belief)

30.     The Complaint, on behalf of Plaintiff is barred in whole or in part because Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that they

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

had complied fully with California wage and hour laws and have a good faith legal defense to all claims.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
**(Good Faith Dispute)**

31.    Defendant denies that it owes any amounts to Plaintiff; but if it should be determined that any amounts are owed, Defendant alleges that at all times herein, reasonable good faith disputes existed as to whether any such amounts were owed.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
**(Satisfaction and Accord)**

32.    Plaintiff's Complaint is barred, in whole or in part, by the principles of satisfaction and accord and/or satisfaction and payment.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
**(Novation)**

33.    The Complaint, and each cause of action therein, is barred, in whole or in part, based on one or more novations.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
**(No Jurisdiction)**

34.    To the extent Plaintiff makes allegations or claims which were not made the subject of a timely complaint or petition against Defendant submitted or filed by or on behalf of Plaintiff with the appropriate administrative or governmental agency or department, the Court lacks jurisdiction with respect to any such allegations or claims.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
**(Avoidable Consequences)**

35.    Plaintiff is not entitled to recover any damages as prayed for in the Complaint on the grounds that such damages could have been avoided under the doctrine of avoidable consequences.

/ / /

/ / /

/ / /

8.

1

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (No Actual Injuries)

2

3      36.    The Complaint, and each cause of action contained therein, is barred, in whole or in

4    part, because Plaintiff has not suffered any actual injury by reason of any of Defendant's acts,

5    conduct, or omissions as alleged in the Complaint.

6

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (At-Will Employment)

7

8      37.    The Complaint, and each cause of action contained therein, is barred, in whole or in

9    part, because at all times Plaintiff's employment with Defendant was at-will as a matter of law

10   pursuant to *California Labor Code* Section 2922.

11

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Outside Course and Scope of Employment)

12

13     38.    To the extent any alleged discrimination occurred, which Defendant denies, any

14   alleged discrimination committed by any employees or agents of Defendant was outside the scope

15   and course their respective employment.

16

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Not Disabled)

17

18     39.    Plaintiff was not disabled within the meaning of *California Government Code*

19   Section 12926 *et seq.;* and therefore, the Complaint, and each cause of action alleged therein, fails.

20

## FORTIETH AFFIRMATIVE DEFENSE
### (No Accommodation Requested)

21

22     40.    Plaintiff never requested any reasonable accommodation and, therefore, cannot

23   state a disability claim, including but not limited to any claim for alleged disability discrimination

24   under *California Government Code* Section 12940 *et seq.*

25

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Engage in Interactive Process)

26

27     41.    Plaintiff has waived or, alternatively, cannot state nor assert any cause of action for

28   any alleged disability discrimination under *California Government Code* Section 12940 *et seq.*

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

1   because of the failure of Plaintiff and/or his agents to cooperate and or engage in the interactive

2   process.

3   ### FORTY-SECOND AFFIRMATIVE DEFENSE
    #### (Not Qualified)

4

5   42.   Plaintiff was not qualified or could not perform the essential duties of his position

6   with or without reasonable accommodation.

7   ### FORTY-THIRD AFFIRMATIVE DEFENSE
    #### (Unreasonable Request/Undue Hardship)

8

9   43.   To the extent Plaintiff claims that he requested an accommodation, such request was

10  unreasonable and would have produced an undue hardship. Therefore, Plaintiff cannot maintain

11  any disability claim, including but not limited to any claim under *California Government Code*

12  Section 12940 *et seq.*

13  ### FORTY-FOURTH AFFIRMATIVE DEFENSE
    #### (Risk of Safety and Health of Plaintiff and Others)

14

15  44.   Plaintiff was not qualified or could not perform the essential duties of his position in

16  a manner that would not endanger his health or safety or the health or safety of others, with or

17  without reasonable accommodation.

18  ### FORTY-FIFTH AFFIRMATIVE DEFENSE
    #### (No Certification from Health-Care Provider)

19

20  45.   The Complaint, and each cause of action therein, is barred, in whole or in part, on

21  the grounds that Plaintiff failed timely to provide Defendant with a health-care provider's

22  certification of Plaintiff's alleged restrictions.

23  ### FORTY-SIXTH AFFIRMATIVE DEFENSE
    #### (Release/ Assignment/Settlement)

24

25  46.   Plaintiff's claims are barred, in whole or in part, because they or any rights related

26  thereto have been released and/or assigned, and/or by any prior settlement of such claims.

27  ///

28  ///

10.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE
**(Managerial Privilege)**

47.     Plaintiff's claims are barred, in whole or in part, by the doctrine of managerial privilege or immunity.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE
**(Privilege, Justification and/or Free Speech)**

48.     The acts and statements of Defendant herein were privileged, justified and/or protected as free speech, in whole or in part, as a matter of California and/or federal law, including, but not limited to, the common law, Section 47 of the California Civil Code, and Article I, Sections 2 and 3 of the California Constitution and the First and Fourteenth Amendments to the United States Constitution, and therefore cannot give rise to liability herein.

### FORTY-NINTH AFFIRMATIVE DEFENSE
**(Lack of Malice)**

49.     Plaintiff's claims are barred, in whole or in part, because all of the conduct, acts, and omissions of Defendant were undertaken without malice.

### FIFTIETH AFFIRMATIVE DEFENSE
**(Offset/Setoff)**

50.     If Plaintiff sustained any damage as a result of conduct alleged in the Complaint, which Defendant denies, then Defendant is entitled to offset/setoff against any such recovery any and all amounts owed to Defendant by Plaintiff, any overpayments to Plaintiff, any damages or harm caused to Defendant by Plaintiff's actions or inaction, including without limitation, amounts received by Plaintiff as income or payments from other sources, including but not limited to that received under federal or state disability benefits laws, or by any other benefits received by Plaintiff.

### FIFTY-FIRST AFFIRMATIVE DEFENSE
**(Unjust Enrichment)**

51.     The imposition of any liability upon Defendant would unjustly enrich Plaintiff.

///

11.

### FIFTY-SECOND AFFIRMATIVE DEFENSE
#### (Workers' Compensation Offset)

52.    Even if the California Workers' Compensation laws do not provide the exclusive remedy for damages, to the extent that Plaintiff alleges he sustained injuries as the result of his employment relationship with Defendant, any civil damages to which Plaintiff is entitled must be offset by any award or settlement received under the Workers' Compensation laws.

### FIFTY-THIRD AFFIRMATIVE DEFENSE
#### (ERISA)

53.    Plaintiff is not entitled to recover any compensatory or other monetary damages for any alleged benefits as prayed for, including medical or retirement benefits, because the exclusive remedy for such alleged damages is the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*

### FIFTY-FOURTH AFFIRMATIVE DEFENSE
#### (Breach of Employment Obligations)

54.    The Complaint is barred and/or the alleged damages must be reduced, in whole or in part, because Plaintiff breached his obligations to his employer.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE
#### (Lack of Standing)

55.    Plaintiff's claims, or some of them, are barred in whole or in part for lack of standing.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE
#### (No Entitlement to Prejudgment Interest)

56.    Any claim for prejudgment interest is barred as to any purported cause of action for which such relief is not available.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE
#### (No Penalties/Lack of Willfulness)

57.    Plaintiff is not entitled to any penalty award, including, but not limited to any penalties under *California Government Code* Section 12940 *et seq.* and/or any other penalties

12.

1    alleged in the Complaint, because, at all relevant times, Defendant did not willfully fail to comply

2    with the provisions of California and federal law, but rather acted in good faith and had reasonable

3    grounds for believing that it did not violate relevant laws or the specified provisions.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Punitive Damages/Penalties Unconstitutional)

6        58.    Plaintiff is not entitled to recover any punitive or exemplary damages, or any

7    penalties, as prayed for in the Complaint on the grounds that any award of punitive or exemplary

8    damages or penalties under California law in general, and/or any such award under California law

9    as applied to the facts of this specific action, would violate the constitutional rights of Defendant

10   under provisions of the United States and California Constitutions, including but not limited to the

11   due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and

12   the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the

13   United States Constitution.

### FIFTY-NINTH AFFIRMATIVE DEFENSE
#### (Business Judgment Rule)

16       59.    Plaintiff's claims are barred, in whole or in part, because any decisions made by

17   Defendant with respect to Plaintiff's employment were reasonably based on the facts as they

18   understood them.

### SIXTIETH AFFIRMATIVE DEFENSE
#### (Impossibility)

21       60.    Plaintiff's claims are barred, in whole or in part, by impossibility of performance.

### SIXTY-FIRST AFFIRMATIVE DEFENSE
#### (Substantial Compliance)

24       61.    Defendant substantially complied with all obligations under the law.

### SIXTY-SECOND AFFIRMATIVE DEFENSE
#### (Preemption)

27       62.    Plaintiff's claims are preempted, in whole or in part, because such claims encroach

28   upon, supplement, or alter a federally occupied field and present an obstacle to the accomplishment

of Congress' regulation of that field.

## SIXTY-THIRD AFFIRMATIVE DEFENSE
### (Reservation of Rights)

63.    Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendants prays as follows:

1.    That Plaintiff takes nothing by this action;

2.    That the Complaint be dismissed with prejudice;

3.    That judgment be entered in favor of Defendant;

4.    For costs of suit and for reasonable attorneys' fees incurred by Defendant; and

5.    For such other and further relief as the Court deems just and proper.

Dated: May 10, 2019                                    GLEASON & FAVAROTE, LLP
                                                       PAUL M. GLEASON
                                                       TOREY JOSEPH FAVAROTE
                                                       JING TONG


                                                       By: _____
                                                                Jing Tong

                                                       Attorneys for Defendant CoreCivic, Inc.

**PROOF OF SERVICE**

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On May 10, 2019, I served a copy(ies) of the following document(s):

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Joshua C. Braddock<br>BRADDOCK LAW APC<br>110 West A Street, Suite 1075<br>San Diego, CA 92101<br>Tel: (619) 501-3619<br>Fax: (619) 923-3727 | Attorneys for Plaintiff,<br>DENNIS CLARK | First Class Mail |

☒ [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ [BY OVERNIGHT COURIER] I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ [BY HAND] I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

☐ [BY FACSIMILE TRANSMISSION] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐ [BY ELECTRONIC TRANSMISSION] I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on May 10, 2019, at Long Beach, California.

_____
Thomas Steinhart

1.
PROOF OF SERVICE



**Confirmation #:**   22606345
**Case Title:**   Glover vs Corecivic Inc [IMAGED]

Thank you for choosing One Legal. If you have any questions about this order, please email us at support@onelegal.com.

## CASE INFORMATION

| | |
|---|---|
| **Court Name:** | San Diego County, Superior Court of California |
| **Court Branch:** | Central |
| **Case Title:** | Glover vs Corecivic Inc [IMAGED] |
| **Case Category:** | Civil - Unlimited |
| **Case Type:** | Wrongful Termination |
| **Jurisdictional Amount:** | Over $25,000 |
| **Case #:** | 37-2019-00012457-CU-WT-CTL |

## ORDER DETAILS

| | |
|---|---|
| **Order Type:** | eFiling |
| **Filing order #:** | 13212790 |
| **Date/Time Submitted:** | 5/10/2019 3:34 PM PT |
| **Client Billing Code:** | 101.074/Glover |
| **Contact Name:** | Thomas Steinhart |
| **Attorney Name:** | Paul Gleason |
| **Email Notification:** | Contact |

## DOCUMENTS

| Document Type | Document Title | Pages Uploaded |
|---|---|---|
| Answer | Defendant CoreCivic, Inc.'s Answer to Plaintiff's Unverified Complaint | 16 |

**PROOF OF SERVICE**

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California.  I am over the age of 18 years and not a party to the within action.  My business address is Gleason & Favarote, LLP, 4014 Long Beach Boulevard, Suite 300, Long Beach, CA 90807.

On May 10, 2019, I served a copy(ies) of the following document(s):

**DECLARATION OF PAUL GLEASON**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| GEOFFREY C. LYON<br>LYON LAW PC<br>10960 Wilshire Blvd., Ste. 820<br>Los Angeles, CA 90024-3732<br>Tel: (310) 818-7700; Fax: (424) 832-7405<br>glyon@lyonlawyer.com | Attorneys for Plaintiff, ROBIN CLARK | First Class Mail |
| ☒ | [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection. | |
| ☐ | (BY CM/ECF SYSTEM) I caused the above-referenced document(s) to be sent by electronic transmittal to the Clerk's Office using the CM/ECF System for filing which generated a Notice of Electronic Filing to the CM/ECF registrants in this case. | |

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct, and this declaration was executed on May 10, 2019, at Long Beach, California

_____
Thomas Steinhart