# EXHIBIT B

PAUL M. GLEASON (SBN: 155569)
TOREY JOSEPH FAVAROTE (SBN: 198521)
JING TONG (SBN: 285061)
GLEASON & FAVAROTE, LLP
4014 Long Beach Blvd., Suite 300
Long Beach, California 90807
Telephone:     (213) 452-0510
Facsimile:     (213) 452-0514
pgleason@gleasonfavarote.com
tfavarote@gleasonfavarote.com
jtong@gleasonfavarote.com

Attorneys for Defendant CoreCivic, Inc.

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| DENNIS GLOVER, | Case No. 37-2019-00012457-CU-WT-CTL |
| Plaintiff, | **DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT** |
| v. | |
| CORECIVIC, INC.; a Maryland Corporation; FRED FIGUEROA, an individual; and DOES 1 to 25, Inclusive, | |
| Defendants. | |
| | Action Filed:    March 26, 2019 |
| | Trial Date:      None |

///

///

///

///

TO PLAINTIFF DENNIS GLOVER AND HIS ATTORNEYS OF RECORD:

Defendant CoreCivic, Inc. ("Defendant") hereby answers the unverified Complaint filed by plaintiff Dennis Glover ("Plaintiff") as follows:

## GENERAL DENIAL

Pursuant to the provisions of Section 431.30 of the California Code of Civil Procedure, Defendant generally denies each and every allegation and cause of action contained in Plaintiff's Complaint, and further denies that Plaintiff has been damaged in any manner or amount, or at all, as a result of any act or omission by Defendant.

Additionally, Defendant asserts the following affirmative defenses and prays for judgment as set forth below:

## FIRST AFFIRMATIVE DEFENSE
### (Statute of Limitations)

1. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that the claims are barred, in whole or in part, by the applicable statute of limitations, including but not limited to Government Code sections 12900, *et seq.*, 12960 and 12965 and California Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343, and/or any other applicable statutes of limitation.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

2. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff's claims, are barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Unclean Hands)

3. As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes and based upon such information and belief alleges that Plaintiff has or had unclean hands with respect to the matters alleged in his Complaint, and on that ground, is barred from recovering any relief on his Complaint.

1.

## FOURTH AFFIRMATIVE DEFENSE
### (Failure to Exhaust Administrative Remedies)

4.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes, and based upon such information and belief alleges, that Plaintiff has failed to exhaust his administrative remedies, including those set forth in California Government Code Section 12940, *et seq.*

## FIFTH AFFIRMATIVE DEFENSE
### (Estoppel)

5.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is barred, in whole or in part, for the reason that, by his actions, Plaintiff is estopped from bringing any claim for relief against Defendant.

## SIXTH AFFIRMATIVE DEFENSE
### (Waiver)

6.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant is informed and believes and based upon such information and belief alleges that by his conduct, Plaintiff has waived any right to recover any relief by his Complaint.

## SEVENTH AFFIRMATIVE DEFENSE
### (Failure to State A Cause of Action)

7.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that each purported cause of action in the Complaint fails to state facts sufficient to constitute a cause of action against Defendant.

## EIGHTH AFFIRMATIVE DEFENSE
### (Workers' Compensation Exclusive Remedy)

8.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained damages by reasons of the allegations in the Complaint, which allegations are denied, Plaintiff's exclusive remedy for such damages are governed by the California Workers' Compensation Act. Cal. Labor Code §§ 3200, *et*

2.

*seq.* and §§ 3600, *et seq.*

### NINTH AFFIRMATIVE DEFENSE
(Attorneys' Fees)

9.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that said Complaint fails to allege complaints sufficient to allow recovery of attorneys' fees from Defendant.

### TENTH AFFIRMATIVE DEFENSE
(Failure to Mitigate Damages)

10.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained damages by reason of the allegations in the Complaint, which allegations are denied, then Plaintiff may not recover for such damages because by his own acts and omissions, he has failed to properly mitigate those damages.

### ELEVENTH AFFIRMATIVE DEFENSE
(After-Acquired Evidence)

11.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges that Plaintiff's right to recovery is barred in whole or in part by the doctrine of After-Acquired Evidence.

### TWELFTH AFFIRMATIVE DEFENSE
(Mixed Motive)

12.    As a separate and affirmative defense to Plaintiff's Complaint and to each purported cause of action contained therein, Defendant alleges, assuming *arguendo,* that there was a violation of the Fair Employment and Housing Act and/or other violation of law, Plaintiff's claims remain barred, in whole or in part, because even without any said impermissible conduct, the employment actions taken herein still would have been taken due to work performance reasons and/or other legitimate, nonprohibited, and/or independent reason(s).  Defendant herewith raises the "mixed-motive" defense.

///

///

3.

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTEENTH AFFIRMATIVE DEFENSE
### (Failure to Take Advantage of Preventative or Corrective Opportunity)

13.     As a separate and affirmative defense to Plaintiff's Complaint, and each cause of action alleged therein, Defendant alleges that at all times relevant hereto, Defendant exercised reasonable care to prevent and correct promptly any purportedly harassing behavior, and to the extent Plaintiff unreasonably failed to take advantage of any preventative and/or corrective opportunities provided by Defendant or to avoid harm otherwise, Plaintiff's claim is barred.

## FOURTEENTH AFFIRMATIVE DEFENSE
### (Not Plaintiff's Employer)

14.     As a separate and affirmative defense, Defendant CoreCivic, Inc. cannot be liable for any of the claims asserted against it in the Complaint because it was not Plaintiff's employer and is therefore an improperly named entity.

## FIFTEENTH AFFIRMATIVE DEFENSE
### (Lawful Conduct)

15.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that none of Defendant's acts were spiteful, malicious, in bad faith or motivated by any ill will or fraud.  Instead, Defendant's acts, if any, were privileged, non-discriminatory, non-harassing, non-retaliatory, proper and taken in accordance with Defendant's rights as accorded by law.

## SIXTEENTH AFFIRMATIVE DEFENSE
### (Good Cause/Legitimate Business Reason)

16.     As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that, at all relevant times, Defendant acted with a good faith belief that it had good cause and/or a legitimate non-retaliatory business reason to act as it did and did not directly or indirectly perform any acts that would constitute a violation of Plaintiff's rights.  As a consequence, Plaintiff is not entitled to any damages or penalties whatsoever.

///

///

4.

## SEVENTEENTH AFFIRMATIVE DEFENSE
### (No Ratification)

17.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that some or all of Plaintiff's claims are barred because the alleged conduct complained of by Plaintiff was done by persons or entities other than Defendant and, that at all time, said persons or entities acted without the consent, authorization, knowledge, or ratification of Defendant with regard to the acts as alleged in the Complaint.

## EIGHTEENTH AFFIRMATIVE DEFENSE
### (No Punitive Damages)

18.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is not entitled to recover punitive damages because neither Defendant nor any of its employees or agents have committed fraudulent, oppressive, malicious, willful, or egregious acts giving rise to liability, nor have they displayed reckless indifference to Plaintiff's rights and Plaintiff has not adequately pled a claim for punitive damages under California Civil Code Section 3294.

## NINETEENTH AFFIRMATIVE DEFENSE
### (Contributory or Comparative Fault of Plaintiff)

19.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff was, at all times mentioned in the Complaint, guilty of comparative and/or contributory negligence or fault and is therefore barred from recovery.

## TWENTIETH AFFIRMATIVE DEFENSE
### (Apportionment of Responsibility)

20.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that if Plaintiff sustained any loss under the circumstances alleged in the Complaint, which is denied, Defendant is liable only for that portion of damages, if any, which corresponds to Defendant's degree of fault or responsibility, and Defendant is not liable for damages attributable to the responsibility, negligence or fault of Plaintiff or of any other person

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

or entity, whether named or unnamed in the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE
#### (Pre-Existing Condition)

21.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that Plaintiff is not entitled to recover damages to the extent that any purported emotional distress damages allegedly suffered by Plaintiff were caused by any pre-existing psychological condition(s).

### TWENTY-SECOND AFFIRMATIVE DEFENSE
#### (At-will employee)

22.    As a separate and affirmative defense to Plaintiff's Complaint and to every cause of action alleged therein, Defendant alleges that some or all of Plaintiff's claims fail because Plaintiff was at all time employed as an at-will employee of Defendant.

### TWENTY-THIRD AFFIRMATIVE DEFENSE
#### (Wages Paid)

23.    To the extent that Plaintiff has been paid the alleged wages referenced in the Complaint, the Complaint, and each cause of action therein on behalf of Plaintiff, is barred.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE
#### (Consent)

24.    The Complaint, and each cause of action set forth therein, is barred, in whole or in part, because Plaintiff consented to, approved, or participated in the alleged conduct about which Plaintiff now complains.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE
#### (Mistake)

25.    The Complaint, and each cause of action therein, is barred in whole or in part based on Defendant's good faith mistake of fact.

///

///

///

6.

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## TWENTY-SIXTH AFFIRMATIVE DEFENSE
### (Reliance on DLSE Policies and Procedures)

26.    The Complaint, and each cause of action alleged therein, is barred in whole or in part, because Defendant relied in good faith upon written guidelines, interpretations and rules promulgated by the California Department of Industrial Relations, California Division of Labor Standards Enforcement ("DLSE"), and upon the administrative practice and enforcement policies of the DLSE.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE
### (Reasonable Conduct)

27.    The Complaint, and each cause of action therein, is barred in whole or in part, because Defendant engaged in reasonable conduct under the circumstances and under their pay obligations under California wage and hour law.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE
### (Meal periods authorized)

28.    The Complaint, and each purported cause of action claiming meal period violations therein, is barred in whole or in part, because at all relevant times Defendant authorized and permitted and never impeded the taking of statutory meal periods by Plaintiff and/or Plaintiff did take meal periods or freely and voluntarily chose to forego or waive a timely meal period.

## TWENTY-NINTH AFFIRMATIVE DEFENSE
### (Rest Periods Authorized)

29.    The Complaint, and each purported cause of action claiming rest period violations therein, is barred in whole or in part, because at all relevant times Defendant authorized and permitted and never impeded the taking of rest periods by Plaintiff and/or Plaintiff did take rest periods or voluntarily and freely chose to forego or waive his/her rest period.

## THIRTIETH AFFIRMATIVE DEFENSE
### (Good Faith and Reasonable Belief)

30.    The Complaint, on behalf of Plaintiff is barred in whole or in part because Defendant acted, at all relevant times, on the basis of a good faith and reasonable belief that they

7.

had complied fully with California wage and hour laws and have a good faith legal defense to all claims.

### THIRTY-FIRST AFFIRMATIVE DEFENSE
### (Good Faith Dispute)

31. Defendant denies that it owes any amounts to Plaintiff; but if it should be determined that any amounts are owed, Defendant alleges that at all times herein, reasonable good faith disputes existed as to whether any such amounts were owed.

### THIRTY-SECOND AFFIRMATIVE DEFENSE
### (Satisfaction and Accord)

32. Plaintiff's Complaint is barred, in whole or in part, by the principles of satisfaction and accord and/or satisfaction and payment.

### THIRTY-THIRD AFFIRMATIVE DEFENSE
### (Novation)

33. The Complaint, and each cause of action therein, is barred, in whole or in part, based on one or more novations.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE
### (No Jurisdiction)

34. To the extent Plaintiff makes allegations or claims which were not made the subject of a timely complaint or petition against Defendant submitted or filed by or on behalf of Plaintiff with the appropriate administrative or governmental agency or department, the Court lacks jurisdiction with respect to any such allegations or claims.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE
### (Avoidable Consequences)

35. Plaintiff is not entitled to recover any damages as prayed for in the Complaint on the grounds that such damages could have been avoided under the doctrine of avoidable consequences.

///

///

///

8.

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

## THIRTY-SIXTH AFFIRMATIVE DEFENSE
### (No Actual Injuries)

36.    The Complaint, and each cause of action contained therein, is barred, in whole or in part, because Plaintiff has not suffered any actual injury by reason of any of Defendant's acts, conduct, or omissions as alleged in the Complaint.

## THIRTY-SEVENTH AFFIRMATIVE DEFENSE
### (At-Will Employment)

37.    The Complaint, and each cause of action contained therein, is barred, in whole or in part, because at all times Plaintiff's employment with Defendant was at-will as a matter of law pursuant to *California Labor Code* Section 2922.

## THIRTY-EIGHTH AFFIRMATIVE DEFENSE
### (Outside Course and Scope of Employment)

38.    To the extent any alleged discrimination occurred, which Defendant denies, any alleged discrimination committed by any employees or agents of Defendant was outside the scope and course their respective employment.

## THIRTY-NINTH AFFIRMATIVE DEFENSE
### (Not Disabled)

39.    Plaintiff was not disabled within the meaning of *California Government Code* Section 12926 *et seq.;* and therefore, the Complaint, and each cause of action alleged therein, fails.

## FORTIETH AFFIRMATIVE DEFENSE
### (No Accommodation Requested)

40.    Plaintiff never requested any reasonable accommodation and, therefore, cannot state a disability claim, including but not limited to any claim for alleged disability discrimination under *California Government Code* Section 12940 *et seq.*

## FORTY-FIRST AFFIRMATIVE DEFENSE
### (Failure to Engage in Interactive Process)

41.    Plaintiff has waived or, alternatively, cannot state nor assert any cause of action for any alleged disability discrimination under *California Government Code* Section 12940 *et seq.*

9.

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

because of the failure of Plaintiff and/or his agents to cooperate and or engage in the interactive process.

### FORTY-SECOND AFFIRMATIVE DEFENSE
#### (Not Qualified)

42.    Plaintiff was not qualified or could not perform the essential duties of his position with or without reasonable accommodation.

### FORTY-THIRD AFFIRMATIVE DEFENSE
#### (Unreasonable Request/Undue Hardship)

43.    To the extent Plaintiff claims that he requested an accommodation, such request was unreasonable and would have produced an undue hardship. Therefore, Plaintiff cannot maintain any disability claim, including but not limited to any claim under *California Government Code* Section 12940 *et seq.*

### FORTY-FOURTH AFFIRMATIVE DEFENSE
#### (Risk of Safety and Health of Plaintiff and Others)

44.    Plaintiff was not qualified or could not perform the essential duties of his position in a manner that would not endanger his health or safety or the health or safety of others, with or without reasonable accommodation.

### FORTY-FIFTH AFFIRMATIVE DEFENSE
#### (No Certification from Health-Care Provider)

45.    The Complaint, and each cause of action therein, is barred, in whole or in part, on the grounds that Plaintiff failed timely to provide Defendant with a health-care provider's certification of Plaintiff's alleged restrictions.

### FORTY-SIXTH AFFIRMATIVE DEFENSE
#### (Release/ Assignment/Settlement)

46.    Plaintiff's claims are barred, in whole or in part, because they or any rights related thereto have been released and/or assigned, and/or by any prior settlement of such claims.

///

///

10.

### FORTY-SEVENTH AFFIRMATIVE DEFENSE
(Managerial Privilege)

47.   Plaintiff's claims are barred, in whole or in part, by the doctrine of managerial privilege or immunity.

### FORTY-EIGHTH AFFIRMATIVE DEFENSE
(Privilege, Justification and/or Free Speech)

48.   The acts and statements of Defendant herein were privileged, justified and/or protected as free speech, in whole or in part, as a matter of California and/or federal law, including, but not limited to, the common law, Section 47 of the California Civil Code, and Article I, Sections 2 and 3 of the California Constitution and the First and Fourteenth Amendments to the United States Constitution, and therefore cannot give rise to liability herein.

### FORTY-NINTH AFFIRMATIVE DEFENSE
(Lack of Malice)

49.   Plaintiff's claims are barred, in whole or in part, because all of the conduct, acts, and omissions of Defendant were undertaken without malice.

### FIFTIETH AFFIRMATIVE DEFENSE
(Offset/Setoff)

50.   If Plaintiff sustained any damage as a result of conduct alleged in the Complaint, which Defendant denies, then Defendant is entitled to offset/setoff against any such recovery any and all amounts owed to Defendant by Plaintiff, any overpayments to Plaintiff, any damages or harm caused to Defendant by Plaintiff's actions or inaction, including without limitation, amounts received by Plaintiff as income or payments from other sources, including but not limited to that received under federal or state disability benefits laws, or by any other benefits received by Plaintiff.

### FIFTY-FIRST AFFIRMATIVE DEFENSE
(Unjust Enrichment)

51.   The imposition of any liability upon Defendant would unjustly enrich Plaintiff.

///

11.

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

### FIFTY-SECOND AFFIRMATIVE DEFENSE
#### (Workers' Compensation Offset)

52.    Even if the California Workers' Compensation laws do not provide the exclusive remedy for damages, to the extent that Plaintiff alleges he sustained injuries as the result of his employment relationship with Defendant, any civil damages to which Plaintiff is entitled must be offset by any award or settlement received under the Workers' Compensation laws.

### FIFTY-THIRD AFFIRMATIVE DEFENSE
#### (ERISA)

53.    Plaintiff is not entitled to recover any compensatory or other monetary damages for any alleged benefits as prayed for, including medical or retirement benefits, because the exclusive remedy for such alleged damages is the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. § 1001, *et seq.*

### FIFTY-FOURTH AFFIRMATIVE DEFENSE
#### (Breach of Employment Obligations)

54.    The Complaint is barred and/or the alleged damages must be reduced, in whole or in part, because Plaintiff breached his obligations to his employer.

### FIFTY-FIFTH AFFIRMATIVE DEFENSE
#### (Lack of Standing)

55.    Plaintiff's claims, or some of them, are barred in whole or in part for lack of standing.

### FIFTY-SIXTH AFFIRMATIVE DEFENSE
#### (No Entitlement to Prejudgment Interest)

56.    Any claim for prejudgment interest is barred as to any purported cause of action for which such relief is not available.

### FIFTY-SEVENTH AFFIRMATIVE DEFENSE
#### (No Penalties/Lack of Willfulness)

57.    Plaintiff is not entitled to any penalty award, including, but not limited to any penalties under *California Government Code* Section 12940 *et seq.* and/or any other penalties

12.

alleged in the Complaint, because, at all relevant times, Defendant did not willfully fail to comply with the provisions of California and federal law, but rather acted in good faith and had reasonable grounds for believing that it did not violate relevant laws or the specified provisions.

### FIFTY-EIGHTH AFFIRMATIVE DEFENSE
#### (Punitive Damages/Penalties Unconstitutional)

58.    Plaintiff is not entitled to recover any punitive or exemplary damages, or any penalties, as prayed for in the Complaint on the grounds that any award of punitive or exemplary damages or penalties under California law in general, and/or any such award under California law as applied to the facts of this specific action, would violate the constitutional rights of Defendant under provisions of the United States and California Constitutions, including but not limited to the due process clauses of the Fifth and Fourteenth Amendments of the United States Constitution and the excessive fines and cruel and unusual punishment clauses of the Eighth Amendment of the United States Constitution.

### FIFTY-NINTH AFFIRMATIVE DEFENSE
#### (Business Judgment Rule)

59.    Plaintiff's claims are barred, in whole or in part, because any decisions made by Defendant with respect to Plaintiff's employment were reasonably based on the facts as they understood them.

### SIXTIETH AFFIRMATIVE DEFENSE
#### (Impossibility)

60.    Plaintiff's claims are barred, in whole or in part, by impossibility of performance.

### SIXTY-FIRST AFFIRMATIVE DEFENSE
#### (Substantial Compliance)

61.    Defendant substantially complied with all obligations under the law.

### SIXTY-SECOND AFFIRMATIVE DEFENSE
#### (Preemption)

62.    Plaintiff's claims are preempted, in whole or in part, because such claims encroach upon, supplement, or alter a federally occupied field and present an obstacle to the accomplishment

13.

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

of Congress' regulation of that field.

## SIXTY-THIRD AFFIRMATIVE DEFENSE
### (Reservation of Rights)

63.     Defendant does not presently know all of the facts and circumstances respecting Plaintiff's claims. Defendant reserves the right to amend this Answer should it later discover facts demonstrating the existence of additional affirmative defenses.

WHEREFORE, Defendants prays as follows:

1.     That Plaintiff takes nothing by this action;

2.     That the Complaint be dismissed with prejudice;

3.     That judgment be entered in favor of Defendant;

4.     For costs of suit and for reasonable attorneys' fees incurred by Defendant; and

5.     For such other and further relief as the Court deems just and proper.

Dated: May 10, 2019

GLEASON & FAVAROTE, LLP
PAUL M. GLEASON
TOREY JOSEPH FAVAROTE
JING TONG

By: _____
Jing Tong

Attorneys for Defendant CoreCivic, Inc.

14.

DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT

**PROOF OF SERVICE**

I, Thomas Steinhart, declare:

I am and was at the time of the service mentioned in this declaration, employed in the County of Los Angeles, California. I am over the age of 18 years and not a party to the within action. My business address is Gleason & Favarote, LLP, 4014 Long Beach Blvd., Suite 300, Long Beach, CA 90807.

On May 10, 2019, I served a copy(ies) of the following document(s):

**DEFENDANT CORECIVIC, INC.'S ANSWER TO PLAINTIFF'S UNVERIFIED COMPLAINT**

on the parties to this action by placing them in a sealed envelope(s) addressed as follows:

| Attorney | Party(ies) Served | Method of Service |
|---|---|---|
| Joshua C. Braddock<br>BRADDOCK LAW APC<br>110 West A Street, Suite 1075<br>San Diego, CA 92101<br>Tel: (619) 501-3619<br>Fax: (619) 923-3727 | Attorneys for Plaintiff,<br>DENNIS CLARK | First Class Mail |

☒ [BY MAIL] I placed the sealed envelope(s) for collection and mailing by following the ordinary business practice of Gleason & Favarote, LLP, Long Beach, California. I am readily familiar with Gleason & Favarote, LLP's practice for collecting and processing of correspondence for mailing with the United States Postal Service, said practice being that, in the ordinary course of business, correspondence with postage fully prepaid is deposited with the United States Postal Service the same day as it is placed for collection.

☐ [BY OVERNIGHT COURIER] I caused the sealed envelope(s) to be delivered by a commercial courier service for overnight delivery to the offices of the addressee(s).

☐ [BY HAND] I directed the sealed envelope(s) to the party(ies) so designated on the service list to be delivered by Ace Attorney Service, Inc. this date.

☐ [BY FACSIMILE TRANSMISSION] I caused said document to be sent by facsimile transmission to the fax number indicated for the party(ies) listed above.

☐ [BY ELECTRONIC TRANSMISSION] I caused said document to be sent by electronic transmission to the e-mail address indicated for the party(ies) listed above.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct, and that this declaration was executed on May 10, 2019, at Long Beach, California.

_____
Thomas Steinhart

1.

PROOF OF SERVICE