UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GLOVER,<br><br>                                Plaintiff,<br><br>v.<br><br>CORE CIVIC, INC.,<br><br>                                Defendant. | Case No.:  19CV888 WQH (BGS)<br><br>**SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pursuant to Rule 16.1(d) of the Local Rules, a Case Management Conference was held on **September 6, 2019**.  After consulting with the attorneys of record for the parties and being advised of the status of the case, and good cause appearing, **IT IS HEREBY ORDERED**:

1.     Any motion to join other parties, to amend the pleadings, or to file additional pleadings shall be filed by **October 7, 2019**.

2.     All fact discovery shall be completed by all parties by **January 6, 2020**. "Completed" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure, and discovery subpoenas under Rule 45, must be initiated a sufficient period of time in advance of the cut-off date, **so that it may be completed** by the cut-off date, taking into account the times for service, notice and response as set forth in the Federal Rules of Civil Procedure.  **Counsel shall promptly and in good faith meet and confer with regard to all discovery disputes in compliance with Local Rule 26.1(a).**  The Court expects counsel to make every effort to resolve all disputes without court

1

intervention through the meet and confer process.   If the parties reach an impasse on any discovery issue, counsel shall follow the procedures outlined in the undersigned magistrate judge's chambers rules.  **A failure to comply in this regard will result in a waiver of a party's discovery issue.  Absent an order of the court, no stipulation continuing or altering this requirement will be recognized by the court.**

3.     Discovery limits in the Federal Rules of Civil Procedure and Civil Local Rules, including Federal Rule of Civil Procedure 33(a)(1) and Civil Local Rules 33.1.a and 36.1.a shall apply.  Absent leave of Court to exceed these limits, the Court will not consider any discovery dispute arising from discovery requests in excess of these limits.

4.     The parties shall designate their respective experts in writing by **February 6, 2020**.  The parties must identify any person who may be used at trial to present evidence pursuant to Rules 702, 703 or 705 of the Fed. R. Evid.  This requirement is not limited to retained experts.  The date for exchange of rebuttal experts shall be by **February 20, 2020**.  The written designations shall include the name, address and telephone number of the expert and a reasonable summary of the testimony the expert is expected to provide.  The list shall also include the normal rates the expert charges for deposition and trial testimony.

5.     By **March 20, 2020**, each party shall comply with the disclosure provisions in Rule 26(a)(2)(A) and (B) of the Federal Rules of Civil Procedure.  This disclosure requirement applies to all persons retained or specially employed to provide expert testimony, or whose duties as an employee of the party regularly involve the giving of expert testimony.  **Except as provided in the paragraph below, any party that fails to make these disclosures shall not, absent substantial justification, be permitted to use evidence or testimony not disclosed at any hearing or at the time of trial.  In addition, the Court may impose sanctions as permitted by Fed. R. Civ. P.  37(c).**

6.     Any party shall supplement its disclosure regarding contradictory or rebuttal evidence under Fed. R. Civ. P. 26(a)(2)(D) by **April 3, 2020**.

///

7.      All expert discovery shall be completed by all parties by **May 1, 2020**.  The parties shall comply with the same procedures set forth in the paragraph governing fact discovery.

8.      Failure to comply with this section or any other discovery order of the court may result in the sanctions provided for in Fed. R. Civ. P. 37, including a prohibition on the introduction of experts or other designated matters in evidence.

9.      All other pretrial motions must be filed by **June 1, 2020**.  Counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion.  The period of time between the date you request a motion date and the hearing date may vary from one district judge to another.  Please plan accordingly.  Failure to make a timely request for a motion date may result in the motion not being heard. Motions in limine are to be filed as directed in the Local Rules, or as otherwise set by the district judge.

10.      A Mandatory Settlement Conference shall be conducted on **August 21, 2020** at **1:30 PM** in the chambers of **Magistrate Judge Bernard G. Skomal**.  All parties, adjusters for insured defendants, and client representatives must be present and have full and complete authority to enter into a binding settlement at the MSC.[1]  The purpose of this requirement is to have representatives present who can settle the case during the course of the conference without consulting a superior.  Parties seeking permission to be excused from attending the MSC in person must follow the procedures outlined in Judge Skomal's Chambers' Rules.  Failure of any of the above parties to appear at the MSC

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties.  *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648 (7th Cir. 1989).  The person needs to have "unfettered discretion and authority" to change the settlement position of a party.  *Pitman v. Brinker Intl., Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003).  The person must be able to bind the party without the need to call others not present at the conference for authority or approval. The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference.  *Id.* at 486.  A limited or a sum certain of authority is not adequate.  *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590 (8th Cir. 2001).

19CV888 WQH (BGS)

without the Court's permission will be grounds for sanctions.  The principal attorneys responsible for the litigation must also be present in person and prepared to discuss all of the **legal and factual** issues in the case.

11.    Counsel or any party representing himself or herself shall submit confidential settlement briefs directly to chambers by **August 7, 2020**.  The briefs must address the legal and factual issues in the case and should focus on issues most pertinent to settling the matter.  Briefs do not need to be filed or served on opposing counsel.  The briefs must also include any prior settlement offer or demand, as well as the offer or demand the party will make at the MSC.  The Court will keep this information confidential unless the party authorizes the Court to share the information with opposing counsel.  **MSC briefs must be emailed to efile_Skomal@casd.uscourts.gov**.

12.    In jury trial cases before Judge Hayes, neither party is required to file Memoranda of Contentions of Fact and Law.

13.    Counsel shall comply with the pre-trial disclosure requirements of Fed. R. Civ. P. 26(a)(3) by **September 4, 2020**.  Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.

14.    Counsel shall meet and take the action required by Local Rule 16.1(f)(4) by **September 11, 2020**.  At this meeting, counsel shall discuss and attempt to enter into stipulations and agreements resulting in simplification of the triable issues. Counsel shall exchange copies and/or display all exhibits other than those to be used for impeachment. The exhibits shall be prepared in accordance with Local Rule 16.1(f)(4)(c).  Counsel shall note any objections they have to any other parties' Pretrial Disclosures under Fed. R. Civ. P. 26(a)(3).  Counsel shall cooperate in the preparation of the proposed pretrial conference order.

15.    Counsel for plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil Local Rule 16.1(f).  By **September 18, 2020**, plaintiff's counsel must provide opposing counsel with the proposed pretrial

order for review and approval.  Opposing counsel must communicate promptly with plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties shall attempt promptly to resolve their differences, if any, concerning the order.

16.    The Proposed Final Pretrial Conference Order, including objections to any other parties' Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served and lodged with the assigned district judge by **September 25, 2020**, and shall be in the form prescribed in and comply with Local Rule 16.1(f)(6).

17.    The final Pretrial Conference is scheduled on the calendar of the **Honorable William Q. Hayes** on **October 2, 2020** at **11:00 AM**.

18.    The parties must review and comply with the chambers' rules for the assigned district judge and magistrate judge.

19.    A post trial settlement conference before a magistrate judge may be held within 30 days of verdict in the case.

20.    The dates and times set forth herein will not be modified except for good cause shown.

21.    Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without leave of a district court judge. No reply memorandum shall exceed ten (10) pages without leave of a district court judge. Briefs and memoranda exceeding ten (10) pages in length shall have a table of contents and a table of authorities cited.

22.    Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated:  September 11, 2019

_____
Hon. Bernard G. Skomal
United States Magistrate Judge

5