UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS GLOVER, | Case No.:  3:19-cv-00888-WQH-BGS |
| Plaintiff, | **ORDER** |
| v. | |
| CORECIVIC, INC. a Maryland Corporation, FRED FIGUEROA, an individual, and DOES 1 through 25, Inclusive, | |
| Defendants. | |

HAYES, Judge:

On March 7, 2019, Plaintiff Dennis Glover commenced this action by filing a Complaint in the Superior Court of California for the County of San Diego, assigned case number 37-2019-00012457-CU-WT-CTL, against Defendants CoreCivic, Inc. and Fred Figueroa.  (ECF No. 1-2 at 7).  On May 10, 2019, Defendant CoreCivic, Inc. removed the action to this Court pursuant to 28 U.S.C. § 1332 (diversity jurisdiction), 28 U.S.C. § 1441, and 28 U.S.C. § 1446.  (ECF No. 1 at 2).

The Complaint alleges the following causes of action: (1) disability discrimination pursuant to Cal. Gov't Code § 12940(a); (2) failure to accommodate pursuant to Cal. Gov't Code § 12940(m); (3) failure to engage in the interactive process pursuant to Cal. Gov't Code § 12940(n); (4) failure to correct and remedy discrimination and harassment pursuant

1

to Cal. Gov't Code § 12940(j); (5) retaliation pursuant to Cal. Gov't Code § 12940(m)(2); (6) wrongful termination pursuant to Cal. Gov't Code § 12940(h); (7) failure to provide unintenupted meal and rest periods pursuant to Cal. Labor Code §§ 226.7 and 512; (8) failure to pay final wages pursuant to Cal. Labor Code §§ 201-203; (9) failure to provide itemized and accurate wage and hour statements pursuant to Cal. Labor Code § 226; (10) violation of Cal. Business and Professions Code §17200; and (11) intentional infliction of emotional distress. (Ex. A, ECF No. 1-2). The Complaint alleges that Plaintiff is "a male individual who at all times relevant to this action resided in the County of San Diego, State of California." *Id*. at 8. The Complaint alleges that Defendant CoreCivic, Inc. "is a Maryland Corporation that does business extensively within the County of San Diego." *Id.* The Complaint alleges that Defendant Fred Figueroa "is an individual residing within the County of San Diego." *Id*.

On December 3, 2019, the Parties filed a Joint MOTION to Amend/Correct *Name of Defendant*. (ECF No. 13). On December 9, 2019, this Court issued an Order granting Parties' Joint Motion and stipulation "that the name of the defendant in this matter shall be changed from 'CoreCivic, Inc.' to 'CoreCivic of Tennessee, LLC.'" (ECF No. 14 at 1).

The Court is obligated to inquire into jurisdiction and to dismiss cases where jurisdiction is lacking, *sua sponte* if necessary. *See Mt. Healthy City School Dist. Bd. of Ed. v. Doyle*, 429 U.S. 274, 278 (1977) (holding that federal courts must inquire *sua sponte* whenever its jurisdiction is in doubt). Plaintiff alleges only California state-law claims in its Complaint. This Court's jurisdiction must arise, if at all, from diversity of the parties. "Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (citing 28 U.S.C. § 1441(a)). "Subject matter jurisdiction based upon diversity of citizenship requires that no defendant have the same citizenship as any plaintiff." *Tosco Corp. v. Cmtys. for a Better Env't*, 236 F.3d 495, 499 (9th Cir. 2001). As the party invoking the Court's jurisdiction, Defendant CoreCivic of Tennessee, LLC bears the burden of both pleading and proving that the Court can exercise

2

diversity jurisdiction.  *See NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 613–14 (9th Cir. 2016).

"[L]ike a partnership, an LLC is a citizen of every state of which its owners/members are citizens."  *Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).  Diversity jurisdiction depends on the citizenship of the Plaintiff and the Defendant CoreCivic of Tennessee, LLC's owners/members.  If Plaintiff shares citizenship with one of Defendant CoreCivic of Tennessee, LLC's owners or members, this Court lacks jurisdiction.  *See Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001) ("Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants.").

Defendant CoreCivic of Tennessee, LLC contends that Plaintiff is a citizen of California.  (ECF No. 1 at 4).  Defendant CoreCivic of Tennessee, LLC contends that it is "a corporation incorporated under the laws of the State of Maryland, with its principal place of business in the State of Tennessee."  *Id*.  Defendant CoreCivic of Tennessee, LLC has not alleged sufficient facts regarding the citizenship of its owners/members.  Defendant CoreCivic of Tennessee, LLC has not met its burden of demonstrating that the Court has subject matter jurisdiction.

## CONCLUSION

Defendant CoreCivic of Tennessee, LLC is ORDERED TO SHOW CAUSE why this case should not be dismissed for lack of jurisdiction.  Defendant CoreCivic of Tennessee, LLC shall respond to this Order within twenty days of the date of this Order.

Dated:  December 11, 2019

Hon. William Q. Hayes
United States District Court